**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:20-cv-23278-MGC**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

REAL PROPERTY LOCATED AT 7505 AND 7171
FOREST LANE, DALLAS, TEXAS 75230, WITH ALL
APPURTENANCES, IMPROVEMENTS, AND
ATTACHMENTS THEREON, AND ANY RIGHT TO
COLLECT AND RECEIVE ANY PROFIT, RENT,
INCOME, AND PROCEEDS THEREFROM,

        Defendant,

_____/

**CLAIMANTS MORDECHAI KORF AND URIEL LABER'S**
**MOTION TO COMPEL ARBITRATION**

Claimants Mordechai Korf and Uriel Laber move pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention"),[1] incorporated into Chapter 2 of the Federal Arbitration Act ("FAA"), to compel arbitration pursuant to the Treaty Between the United States of America and Ukraine Concerning the Encouragement and Reciprocal Protection of Investment (the "U.S.-Ukraine BIT") of all claims in this matter pursuant to 9 U.S.C. § 206, and hereby adopt and join in the Motion to Compel Arbitration filed by Claimants Optima Ventures, LLC ("Optima Ventures") and Optima 7171, LLC ("Optima 7171") (ECF #36) incorporated herein by reference.

---

[1] Both the United States and Ukraine are parties to the New York Convention. *See* https://uncitral.un.org/en/texts/arbitration/conventions/foreign_arbitral_awards/status2

In the alternative to compelling arbitration of Korf and Laber's claims, the Court should stay those claims pending the outcome of the arbitration pursuant to 9 U.S.C. § 3 and the Court's inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants, as the claims of Optima Ventures and Optima 7171 will render moot, and otherwise be dispositive of, Korf and Laber's claims.

## ARGUMENT

**1.     The Court Should Compel the United States to Arbitrate Against Korf and Laber**

This Court should compel arbitration because the United States is alleging that Korf and Laber are engaged in interdependent and concerted misconduct with Ukrainian investors Ihor Kolomoisky and Gennadiy Boholyubov. It is well established that "Chapter 1 of the FAA permits a nonsignatory to rely on state-law equitable estoppel doctrines to enforce an arbitration agreement." *GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 140 S. Ct. 1637, 1644 (2020) (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631-32 (2009)). "Equitable estoppel allows a nonsignatory to enforce the provisions of a contract against a signatory . . . when the signatory raises allegations of interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." *Bailey v. ERG Enterprises, LP*, 705 F.3d 1311, 1320 (11th Cir. 2013). "[T]he New York Convention does not conflict with the enforcement of arbitration agreements by nonsignatories under domestic-law equitable estoppel doctrines." *Id.* at 1648.

The Verified Complaint alleges that:

> Kolomoisky and Boholiubov recruited their American counterparts, Korf and Laber . . . . Korf and Laber established a complex system of entities in order to facilitate the laundering of the misappropriated funds, and to invest the funds in property and businesses in the United States.

> . . .
>
> Optima Ventures was owned by Kolomoisky, Boholiubov, Korf, and Laber. It was the primary vehicle used to acquire property in the United States with misappropriated funds from PrivatBank. . . . Korf and Laber established many entities under Optima Ventures, with which they acquired property using funds misappropriated from PrivatBank, including:
>
> . . .
>
> Optima 7171, LLC ("Optima 7171"), used, as discussed in detail below, to acquire the CompuCom Campus located at 7505 and 7171 Forest Lane in Dallas, Texas.

ECF #1, ¶¶ 84, 86. Based on this allegation of "interdependent and concerted misconduct" with Kolomoisky and Boholiubov, the United States seeks to forfeit Korf and Laber's interests in the defendant-*in-rem*, and alleges that "[t]he interests of Mordechai Korf, Uriel Laber, Ihor Kolomoisky, and Gennadiy Boholiubov may be adversely affected by these proceedings." *Id.* at ¶ 15.

Because the United States has raised "allegations of interdependent and concerted misconduct by both the nonsignator[ies]" (*i.e.*, Korf and Laber), "and one or more of the" parties consenting in writing to the arbitration (*i.e.*, Optima Ventures and Optima 7171), the United States should be compelled pursuant to 9 U.S.C. § 206 to arbitrate its claims against Korf and Laber with those of Optima Ventures, LLC and Optima 7171, LLC. *See* ECF #36 (Motion to Compel Arbitration by Optima Ventures and Optima 7171, filed contemporaneously herewith); *Outokumpu*, 140 S. Ct. at 1644-47, 1648.

2. **The Court Should Alternatively Stay Korf and Laber's Claims Under Section 3 of the FAA Because Resolution of the Arbitration Claims of Optima Ventures and Optima 7171 May Moot Korf and Laber's Claims and Conserve Judicial Resources**

A court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

3

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Trial courts are afforded "broad discretion" in determining whether to stay a proceeding. *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986). The Eleventh Circuit reviews a district court's decision whether to stay proceedings under an abuse of discretion standard.

Claimants Optima Ventures and Optima 7171 are arbitrating their claims against the United States before the International Centre for Settlement of Investment Disputes ("ICSID"). In the ICSID arbitration, Optima Ventures and Optima 7171 – both of which are ultimately majority owned and controlled by Ukrainian investors Kolomoisky and Boholiubov – claim that the United States' deprivation of their investment, *i.e.*, the CompuCom Campus (which is the defendant-*in-rem* in this case), and the actions taken by the United States, violate the bilateral investment treaty between the United States and Ukraine. Claimants Optima Ventures and Optima 7171 are seeking from the United States full compensation for the United States' actions with respect to the CompuCom Campus.

In this case, Claimants Korf and Laber claim an interest in the defendant-*in-rem* through their respective 16.665% interests in Optima Ventures. *See* ECF#s 12, 13. Optima Ventures holds a 100% ownership interest in Optima 7171, and Optima 7171 in turn holds as its asset 100% ownership of the defendant-*in-rem*. Simply put, if Optima Ventures and Optima 7171 prevail in the ICSID arbitration, Claimants Korf and Laber will be made completely whole, obviating the need for their claims to proceed on a parallel track in this Court. Judicial economy therefore weighs in favor of staying this action pending resolution of the ICSID arbitration.

In fact, section 3 of the FAA clearly states, without exception, that whenever suit is brought on an arbitrable claim, the Court "shall" upon application stay the litigation until arbitration has been concluded. 9 U.S.C. § 3. "A nonsignatory or non-party to an arbitration agreement may be

4

entitled to a stay of claims pending arbitration if the claims against it . . . are 'based on the same operative facts and are inherently inseparable from the claims against' a party or signatory." *Hudson Glob. Res. Mgmt., Inc. v. Beck*, No. 805CV1446T27TBM, 2006 WL 1722353, at *6 (M.D. Fla. June 20, 2006) (quoting *Harvey v. Joyce*, 199 F.3d 790, 795 (5th Cir. 2000)). "While a nonsignatory or non-party to an arbitration agreement may have no right to enforce arbitration itself, if its potential liability derives from the conduct or potential liability of a party or signatory, it is entitled to a stay pending arbitration." *Hudson Glob*, No 2006 WL 1722353, at *6. Here, the United States is claiming that Korf and Laber are liable to lose millions of dollars in equity, based on the conduct or potential liability of Ukrainian investors Kolomoisky and Boholiubov, and whether the United States is able to impose that liability will be decided in ongoing arbitration. In this circumstance, Korf and Laber are entitled to have their claims stayed pending resolution of arbitration.

In conjunction with 9 U.S.C. § 3, "[a]bstention principles" permit the Court to "postpone[] adjudication of the dispute" by "enter[ing] a stay order." *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000) "[A]n order merely staying the action 'does not constitute abnegation of judicial duty. On the contrary, it is a wise and productive discharge of it. There is only postponement of decision for its best fruition.'" *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996) (quoting *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 29 (1959)). As set forth in the Motion to Dismiss for Failure to State a Claim filed contemporaneously herewith, and as set forth also in Case No. 20-cv-23279, in the alternative to compelling arbitration, the Court should abstain from exercising jurisdiction and stay this matter pending resolution of the arbitration claims and the declaratory judgment actions in Ukraine, where courts have already issued decisions holding that many of the loans at issue were properly and

lawfully repaid and satisfied with full performance. At a minimum, the stay should be granted for several months, at which point the arbitral tribunal will have issued a procedural order scheduling the arbitration for resolution on the merits, enabling the Court to consider the appropriate duration of the potential stay.

WHEREFORE, Claimants Korf and Laber respectfully request that the Court compel arbitration and exercise its discretion pursuant to 9 U.S.C. § 206 to dismiss the matter or alternatively stay the action pursuant to 9 U.S.C. § 3 until arbitration is completed.

Dated: February 5, 2021

          Respectfully submitted,

          Black, Srebnick, Kornspan & Stumpf, P.A.
          201 South Biscayne Blvd., Suite 1300
          Miami, FL 33131
          Tel: (305) 371-6421
          Fax: (305) 371-6322

By:    */s/ Howard M. Srebnick*
          Howard M. Srebnick
          Florida Bar No. 919063
          Robert T. Dunlap
          Florida Bar No. 11950
          HSrebnick@RoyBlack.com
          RDunlap@RoyBlack.com

          *Attorneys for Claimants Korf and the Corporate Entities*

          Kasowitz Benson Torres LLP
          1633 Broadway
          New York, New York 10019
          (212) 506-1700
          Marc E. Kasowitz
          Mark P. Ressler
          Ronald R. Rossi
          Sarmad M. Khojasteh

Joshua Paul
*Pro Hac Vice Anticipated*
MKasowitz@kasowitz.com
MRessler@kasowitz.com
RRossi@kasowitz.com
SKhojasteh@kasowitz.com
JPaul@kasowitz.com

*Attorneys for Claimants Korf and the Corporate Entities*

*/s/ Scott A. Srebnick*

Scott A. Srebnick, P.A.
201 South Biscayne Boulevard Suite 1210
Miami, FL 33131
Telephone: (305) 285-9019
Facsimile: (305) 377-9937
Scott@srebnicklaw.com

*Attorney for Claimant Laber*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive Notices of Filing electronically.

*/s/ Howard M. Srebnick*
Howard M. Srebnick
