UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                1:20-cv-23278-MGC

REAL PROPERTY LOCATED AT 7505 AND 7171
FOREST LANE, DALLAS, TEXAS 75230 et al.,

    Defendant.
_____/

UNITED STATES OF AMERICA,

    Plaintiff,

v.                1:20-cv-23279-MGC

ALL RIGHT TO AND INTEREST IN PNC CORPORATE
PLAZA HOLDINGS LLC HELD, CONTROLLED, OR
ACQUIRED, DIRECTLY OR INDIRECTLY, BY OPTIMA
CBD INVESTMENTS LLC AND/OR CBD 500 LLC, et al.,

    Defendant.
_____/

UNITED STATES OF AMERICA,

    Plaintiff,

v.                1:20-cv-25313-MGC

REAL PROPERTY LOCATED AT 55 PUBLIC SQUARE,
CLEVELAND, OHIO, et al.

    Defendant.
_____/

**NOTICE OF FILING OF DEMONSTRATIVE EXHIBIT**

    The Court set a hearing on three sets of motions for May 10, 2021:

1. The government's motion to stay all three civil forfeiture actions (20-23278 ECF 46);

2. Claimants'[1] four separate motions to compel arbitration of two actions, the CompuCom action (20-23278 ECF 36, 37) and the 55 Public Square action (20-25313 ECF 26, 27); and

3. Claimants' motions to vacate two separate restraining orders, related to the CompuCom action (20-23278 ECF 15) and the PNC Plaza action (20-23279 ECF 22).

Given the number of motions, the various relief requested, the voluminous and overlapping briefing, and the complexity of the issues, the United States respectfully provides this brief summary and accompanying demonstrative to aid the Court's consideration.

1. **The Court should stay these actions pursuant to 18 U.S.C. § 981(g).**

The threshold question is whether the Court should be addressing *any* of this material now. The simplest path forward, and one amply supported by statutory and decisional authority, is to stay these actions pursuant to Section 981(g)(1). A stay under Section 981(g) is unlike a stay requested under the Court's inherent authority; the statute is specifically designed to pause civil forfeiture proceedings when the government makes a showing that the proceedings will adversely affect an ongoing criminal investigation—the court "shall stay" such a case. 18 U.S.C. § 981(g)(1). If the Court does so, it need not consider any of the other pending motions, though it may consider the motions regarding the restraining orders. A stay is not contrary to what Claimants themselves are requesting—in the CompuCom (23278) and 55 Public Square (25313) actions, Claimants have requested a stay pending arbitration as an alternative form of relief.

2. **Rule G prohibits consideration of the motions to compel and dismiss at this time.**

If these actions are not stayed, the first step—mandated explicitly by Supplemental Rule G(6)—is determining the standing of any claimants that have filed motions to dismiss. To that end, the United States has complied with Supplemental Rule G(6) and served special interrogatories on Claimants in each of these actions. The second step is for the putative Claimants to respond, and, if appropriate, for the United States to move to strike claims as appropriate based on their responses (or lack thereof). During that process, Rule G prohibits any decision on motions to dismiss (which in this case includes the motions to compel

---

[1] The term "Claimants" here encompasses the putative claimants in these actions, including the "Individual Claimants," Mordechai Korf and Uriel Laber, as well as the "Optima Claimants," which include Optima Ventures LLC, Optima CBD Investments LLC, Optima 7171 LLC, CBD 500 LLC, and Optima 55 Public Square LLC.

arbitration). *See* Rule G(6)(c) ("The government need not respond to a claimant's motion to dismiss the action under Rule G(8)(b) until 21 days after the claimant has answered the[] [special] interrogatories."); Rule G(8)(c)(ii)(A) (motions to strike "must be decided before any motion by the claimant to dismiss the action").

**3. If, nevertheless, the Court reaches the motions to compel, it should deny them.**

Only after that process is completed does Rule G allow consideration of motions to dismiss. If the Court considers the motions to compel arbitration now—which would be contrary to the clear terms of Rule G and the stay provision of Section 981—it should deny them. There is no basis to compel arbitration: the civil enforcement actions are not committed by the Treaty to arbitration, and an arbitral panel is not empowered, and is completely unequipped, to decide the disposition of the defendants *in rem*. To the extent Claimants have valid claims under the Treaty, they are entirely separate from the claims and relief sought in these actions.

**4. The Court should uphold the restraining orders.**

The Court need not consider the motions to vacate the restraining orders if it stays the actions, but to the extend it does, it should uphold them. The restraints are a proper exercise of the Court's authority under 18 U.S.C. § 983(j), because they prevent Claimants from dissipating the defendant assets—something Claimants have vowed to do if they are released. Section 983(j) expressly permits these restraints, and they are congruous with 18 U.S.C. § 985's limitations on the seizure of real property. Neither restraint was a seizure, and to the extent PNC Plaza (23279) was ever related to real property, that property has been sold, and so Section 985 no longer applies. Moreover, the CompuCom campus is under contract for sale, which will soon alleviate any concerns related to Section 985. Claimants are not entitled to use funds subject to forfeiture to pay their legal bills or anything else.

Respectfully submitted,

Dated: May 6, 2021

DEBORAH CONNOR, CHIEF
MONEY LAUNDERING & ASSET
  RECOVERY SECTION

By: /s/ *Shai D. Bronshtein*
Shai D. Bronshtein (ID No. A5502665)
Rachel E. Goldstein

Trial Attorneys
Criminal Division
United States Department of Justice
1400 New York Avenue NW
Washington, DC 20005
Telephone: (202) 616-5950
Shai.Bronshtein@usdoj.gov


JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

/s/ Adrienne E. Rosen
Adrienne E. Rosen (ID No. A5502297)
Marx P. Calderón (ID No. A5502700)
Assistant United States Attorney
US Attorney's Office
99 Northeast Fourth Street, 7th Floor
Miami, Florida 33132
Telephone: (305) 961-9338
Adrienne.Rosen@usdoj.gov

*Attorneys for Plaintiff United States of America*