UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             1:20-cv-23278-MGC

REAL PROPERTY LOCATED AT 7505 AND 7171
FOREST LANE, DALLAS, TEXAS 75230 et al.,

    Defendant.
_____/

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             1:20-cv-23279-MGC

ALL RIGHT TO AND INTEREST IN PNC CORPORATE
PLAZA HOLDINGS LLC HELD, CONTROLLED, OR
ACQUIRED, DIRECTLY OR INDIRECTLY, BY OPTIMA
CBD INVESTMENTS LLC AND/OR CBD 500 LLC, et al.,

    Defendant.
_____/

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             1:20-cv-25313-MGC

REAL PROPERTY LOCATED AT 55 PUBLIC SQUARE,
CLEVELAND, OHIO, et al.

    Defendant.
_____/

**EXPEDITED UNOPPOSED MOTION TO AUTHORIZE
INTERLOCUTORY SALE IN CASE NO. 1:20-CV-23278**

    The United States of America, pursuant to Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Rules"), moves for an order

1

permitting the sale of the real property that the Government seeks to forfeit pursuant to 18 U.S.C. § 981(a)(1). The parties have agreed to the terms of the sale.

The sale closing has been set for September 27, 2021, and so the Government respectfully requests expedited treatment of this motion such that it is decided by that date in order to allow the sale to close as contracted. In support of its motion, the Government states the following:

On August 6, 2020, the United States filed a Verified Complaint for Forfeiture *in Rem* (the "Complaint") against real property located at 7505 and 7171 Forest Lane, Dallas, Texas 75230, with all appurtenances, improvements, and attachments thereon and any right to collect and receive any profit, rent, income, and proceeds therefrom (the "CompuCom Campus" or the "Property"). Case No.1:20-cv-23278, ECF No. 1. The Complaint alleged that the Property was subject to forfeiture because it was purchased with funds that facilitated, were involved in, and are traceable to an international conspiracy to launder money embezzled and fraudulently obtained from PrivatBank. *Id*.

Due to the *ex parte* order (ECF No. 6), both the Government and the current owner of the Property, Optima 7171 LLC ("Optima"), who is also a claimant in this case [Case No.1:20-cv-23278, ECF No. 10], believe selling the Property is in the best interests of all parties. The purchase and sale agreement ("PSA"), with a sale price of $23,250,000, is attached hereto as Exhibit A. The purchaser, Centurion American Acquisitions, LLC (the "Purchaser"), has no ownership or other affiliation with Optima or any of its owners, members, officials, or employees. *See* Exhibit B, Declaration of Mehrdad Moyaedi. Likewise, neither Optima nor any of its owners, members, officials, or employees will have any continued interest in the Property following the sale. *Id.*

The Government does not object to this sale, and the parties request the Court's approval of this interlocutory sale in accordance with Rule G(7). The parties agree that, given the circumstances and the Court's *ex parte* order, the sale of the Property at this time will maximize and preserve the value of the Property by avoiding fees and costs related to an outstanding property taxes, maintenance costs, and other expenses that would accrue if the Property were not sold. The contemplated sale will also ensure that the value of the Property is not subject to market fluctuations.

The procedures for approving an interlocutory sale in a civil forfeiture case are set forth in Rule G(7)(b), which provides that a court may order the interlocutory sale of all or part of the property subject to a pending asset forfeiture action when one or more conditions are met. For example, the court may order a sale when "the property is subject to a mortgage or to taxes on which the owner is in default," or on a finding of "other good cause." Rule G(7)(b)(i)(B),(D).

Most significantly, Optima has failed to pay property taxes for the 2020 tax year and other expenses due associated with maintaining the Property. As of September 16, 2021, the outstanding property taxes and associated late penalties totaled more than $300,000. *See* Exhibit C, Preliminary Closing Cost Worksheet. Expenses related to the Property taxes continue to accrue and remain unpaid. Moreover, Optima has not paid association fees required by the Lake Forest Community Association. As of September 16, 2021, there is more than $125,000 outstanding. *Id*.

When an interlocutory sale is uncontested, as here, the parties, with the court's approval, may agree to the procedures and conditions of the sale. *See* Rule G(7)(b)(iii). In this case, the parties have provisionally agreed to the manner in which the proceeds of the sale of the Property shall be distributed, including, as follows:

> [Optima] and Purchaser hereby acknowledge and agree that the Title Company shall use and disburse the [sale proceeds] to immediately pay: (a) any and all fees due, delinquent, past-due, and pending real estate taxes affecting the Property (b) any and all fees due, delinquent or otherwise, to Lake Forest Community Association affecting the property; and (c) Privileged Lien executed by the City of Dallas recorded in Instrument No. 202000352128 (collectively items (a) – (c) are referred to herein as "Outstanding Debts"). After the Title Company has tendered funds to the appropriate parties for the payment of Outstanding Debts, the Title Company shall tender the remainder of the [proceeds] to the [U.S. Marshals Service].

Exhibit A at 2.

Upon consummation of the sale and distribution of the sale proceeds according to the terms of the PSA, and as required by Rule G(7), the remaining sale proceeds shall be considered the substitute *res* subject to forfeiture in the instant action in place of the Property, and will be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action. *See* Rule G(7)(b)(iv). If, at the conclusion of the case, the Court

3

enters a forfeiture judgment, the substitute *res* will be disposed of as provided by law. *See* Rule G(7)(c).

WHEREFORE, the United States respectfully asks this Court to enter the attached proposed order approving the interlocutory sale of the Property pursuant to the provisions of Rule G(7), the PSA, and further Government approval, and grant such other relief as is just and lawful.

### S.D. FLA. L.R. 7.1 CERTIFICATION

In accordance with S.D. Fla. L.R. 7.1(a)(3), counsel for the United States conferred with Claimants' counsel, who does not oppose the relief sought here and has consented to the procedures for the sale, because inter alia the Court's *ex parte* order (ECF No. 6) and a Lis Pendens (ECF No. 4) are currently in effect and, in Claimants' view, prevent alternate use or disposition of the property. In Claimants' view, under the circumstances, this sale (and subsequent deposit of proceeds into the USMS) is the only way to preserve the property's value and mitigate damages at this time. The United States disagrees with those views; the restraining order does not prevent alternative use and disposition of the property, it simply requires that any action be supervised by the Court to avoid dissipation of the defendant property. Claimants' non-opposition to this motion, however, should not be viewed as a waiver of any rights asserted in *Optima Ventures, LLC, Optima 7171, LLC, and Optima 55 Public Square, LLC v. United States of America* – ICSID Case No. ARB/21/11.

Respectfully submitted,

Dated: September 20, 2021          DEBORAH CONNOR, CHIEF
                                   MONEY LAUNDERING & ASSET
                                   RECOVERY SECTION

                         By:   /s/ *Shai D. Bronshtein*
                               Shai D. Bronshtein (ID No. A5502665)
                               Rachel E. Goldstein
                               United States Department of Justice
                               1400 New York Avenue NW
                               Washington, DC 20005
                               Telephone: (202) 616-5950
                               Shai.Bronshtein@usdoj.gov

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Marx P. Calderón (ID No. A5502700)
United States Attorney's Office
99 Northeast Fourth Street, 7th Floor
Miami, Florida 33132
Telephone: (305) 961-9338
Marx.Calderon@usdoj.gov

*Attorneys for Plaintiff United States of America*

5