**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                       20-cv-23278-MGC

REAL PROPERTY LOCATED AT 7505 AND 7171
FOREST LANE, DALLAS, TEXAS 75230, *et al.*,

      Defendants.
_____/

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                       20-cv-23279-MGC

ALL RIGHT TO AND INTEREST IN PNC CORPORATE
PLAZA HOLDINGS LLC HELD, CONTROLLED, OR
ACQUIRED, DIRECTLY OR INDIRECTLY, BY OPTIMA
CBD INVESTMENTS LLC AND/OR CBD 500 LLC, *et al.*,

      Defendants.
_____/

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                       20-cv-25313-MGC

REAL PROPERTY LOCATED AT 55 PUBLIC SQUARE,
CLEVELAND, OHIO, *et al.*,

      Defendants.
_____/

**ORDER GRANTING UNOPPOSED**
**MOTION FOR INTERLOCUTORY SALE**

THIS MATTER is before the Court on the motion of the United States, pursuant to

Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

Actions, for an order authorizing an interlocutory sale of the real property that is the subject

1

of this civil asset forfeiture proceeding, real property located at 7505 and 7171 Forest Lane, Dallas, Texas 75230, with all appurtenances, improvements, and attachments thereon and any right to collect and receive any profit, rent, income, and proceeds therefrom (the "CompuCom Campus" or the "Property"). The Court has considered the motion and exhibits submitted in support thereof, and finds as follows:

1.       On October 5, 2020, Optima 7171, LLC ("Optima") submitted a verified claim to the Property, asserting that it holds a 100% ownership of the Property. Case No. 20-cv-23278, ECF No. 10.

2.       The Property is in arrears on its property taxes and assessments.

3.       The United States has moved the Court to approve an interlocutory sale of the Property, subject to the terms of a purchase agreement attached to the motion as Exhibit A (the "Purchase Agreement"). The Purchase Agreement provides, *inter alia*, for the Property to be purchased by Centurion American Acquisitions, LLC, an entity which has no ownership or other affiliation with Optima, for the purchase price of $23,250,000. It further provides that the proceeds from the sale of the Property will be used to pay debts owed on the Property.

4.       Rule G(7)(b) empowers this Court to order the sale of the Property where certain conditions are met. *See* Rule G(7)(b)(i). Pursuant to that authority, this Court finds that an interlocutory sale of the Property is necessary and appropriate to preserve the value of the Property before the conclusion of the pending forfeiture proceedings. This Court further finds that an interlocutory sale of the Property will avoid both the risk of market fluctuations that could cause the Property to lose value, and the accrual of additional expenses in maintaining the property.

5.       This Court orders that the Property shall be sold according to the procedures and terms of the Purchase Agreement, and subject to the final approval of the United States concerning the closing costs and distribution of funds. This Court further orders that the net proceeds of the sale, and any and all interest accrued thereon, shall be considered the substitute *res* subject to forfeiture in this civil forfeiture action in place of the Property, and will be held in an interest-bearing escrow account maintained by the United States pending further order of this Court.

6.      This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this order authorizing the interlocutory sale of the Property.

**DONE AND ORDERED** in Chambers, Miami, Florida, this 22nd day of September 2021.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*

3