UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23278-MGC

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

REAL PROPERTY LOCATED AT 7505 AND 7171
FOREST LANE, DALLAS, TEXAS 75230, WITH
ALL APPURTENANCES, IMPROVEMENTS, AND
ATTACHMENTS THEREON, AND ANY RIGHT TO
COLLECT AND RECEIVE ANY PROFIT, RENT,
INCOME, AND PROCEEDS THEREFROM, *et al.*,

        Defendants.
_____/

## *EX PARTE* RESTRAINING ORDER and ORDER DIRECTING CLERK TO UNSEAL

    THIS MATTER is before the Court on the Application of the United States for an *ex parte* restraining order pursuant to 18 U.S.C. § 983(j)(1)(A) to preserve the promissory note with a principal amount of $5.7 million executed on December 19, 2019 by 8787 Ricchi LLC payable to 87STE Lending LLC (the "Promissory Note"), the related deed of trust securing the note recorded on December 23, 2019, as well as any modifications thereto, and any other indebtedness secured by the same deed of trust (collectively, the "Deed of Trust"), and all rights and remedies available under both the Promissory Note and Deed of Trust (collectively, the "Defendant Asset").[1] The Court has considered the Application and the allegations of the Complaint, is otherwise advised of the premises, and finds as follows:

    1.    The Court has authority under 18 U.S.C. § 983(j)(1)(A), upon application of the United States, to "enter a restraining order" in order to "maintain [and] preserve the availability of property subject to civil forfeiture upon the filing of a civil forfeiture complaint alleging that the property with respect to which the order is sought is subject to civil forfeiture."

---

[1] This case was initially filed as Case No. 22-cv-20238, and has since been consolidated with three other cases pending before the undersigned, Case Nos. 20-cv-23278, 20-cv-23279, and 20-cv-25313. All filings going forward shall be filed under Case No. 20-cv-23278.

2. The Court further has the authority, under Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G"), to enter "any order necessary to preserve [ ] property, to prevent its removal or encumbrance, or to prevent its use in a criminal offense." Supp. R. (G)(7)(a).

3. The facts alleged in the Complaint, and summarized in the Government's Application, establish probable cause that the Defendant Asset is subject to forfeiture to the United States.

4. The Order sought by the United States is necessary to maintain and preserve the Defendant Asset.

5. The Application is properly granted *ex parte*.

Accordingly, based on the foregoing, and for good cause shown, the Application is **GRANTED**, and it is hereby **ORDERED** that:

a. 87STE Lending LLC, Optima Stemmons LLC, Optima Ventures LLC, Mordechai Korf, Uriel Laber, and their attorneys, agents, and anyone acting on their behalf, and all persons or entities acting in concert or participation with any of the above, and all persons and entities having actual knowledge of the order, shall not directly or indirectly transfer, sell, assign, pledge, distribute, encumber, attach, or dispose of in any manner the Promissory Note and Deed of Trust, or any rights and remedies thereunder except to the United States. Neither shall they take, or cause to be taken, any action that would have the effect of depreciating, damaging, or in any way diminishing the value of the Defendant Asset, including any action that would increase costs or reduce revenues unless approved in writing by the Government.

b. The holder of the Defendant Asset Promissory Note shall immediately deposit with the United States Marshall's Service the original wet-ink signed Promissory Note to be held in escrow pending the outcome of this action;

c. All rights and remedies under the Promissory Note and Deed of Trust are hereby assigned to the United States pending the outcome of this action, and all payments due under the Promissory Note and Deed of Trust shall be made directly to the United States Marshall's Service, to be held in escrow pending the outcome of this action;

d. Except as otherwise provided in this Order, all persons, financial institutions, and other entities who have or assert any access to, interest in, control over, or legal claim to the Defendant Asset, and all such persons' or entities' agents, employees, attorneys, family members, and those persons in active concert or participation with them, shall be restrained, prohibited, and

enjoined from attempting or taking any action that could affect the availability, marketability, or value of the Defendant Asset, including but not limited to, selling, conveying, transferring, bailing, assigning, pledging, collateralizing, encumbering, wasting, secreting, damaging, diminishing the value of, disposing of, or removing from the jurisdiction of this Court, all or any part of their interest, direct or indirect, in the Defendant Asset, unless approved in writing by the United States.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to **UNSEAL** the Government's Application for Post Complaint Restraining Order (ECF No. 3 in Case No. 22-cv-20238).

**DONE AND ORDERED** in chambers in Miami, Florida, this 25th day of January 2022.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of Record*