UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:22-cv-20238

UNITED STATES OF AMERICA,

      Plaintiff,

v.

THE PROMISSORY NOTE WITH A PRINCIPAL
AMOUNT OF $5.7 MILLION EXECUTED ON
DECEMBER 19, 2019 BY 8787 RICCHI LLC
PAYABLE TO 87STE LENDING LLC, THE
RELATED DEED OF TRUST SECURING THE
NOTE RECORDED ON DECEMBER 23, 2019, AS
WELL AS ANY MODIFICATIONS THERETO, ANY
OTHER INDEBTEDNESS SECURED BY THE SAME
DEED OF TRUST, AND ALL RIGHTS AND
REMEDIES AVAILABLE UNDER BOTH THE
NOTE AND DEED OF TRUST,

      Defendant,
_____/

## VERIFIED CLAIM OF URIEL LABER

      Claimant Uriel Laber, ("Laber" or "Claimant"), by and through his counsel of record, respectfully submits this Verified Claim in accordance with Rule G(5)(a)(i) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

      1.    87STE Lending, LLC, ("87STE Lending"), is the lender under the Promissory Note dated December 19, 2019, and retains a security interest in the Deed of Trust securing the Promissory Note, which the United States alleges is the "Defendant Asset."[1]

---

[1] Laber frames the Defendant Asset this way for ease of reference. But for avoidance of doubt, Laber asserts interests and rights in:

    (i) the Promissory Note with a principal amount of $5.7 million executed on December 19, 2019 by 8787 Ricchi LLC payable to 87STE Lending LLC (the "Promissory Note" or "Note"), (ii) the related Deed of Trust, Security

2. Optima Ventures, LLC, ("Optima Ventures"), holds a 100% ownership and membership interest in 87STE Lending; Optima Ventures is 87STE Lending's sole member.

3. Optima Ventures also holds a 100% ownership and membership interest in Optima Stemmons LLC, ("Optima Stemmons") which in turn holds in trust:

> the real property commonly known as 8777 and 8787 N. Stemmons Freeway, Dallas County, Texas . . . together with (i) all the buildings and other improvements now or hereafter located thereon; (ii) all materials, equipment, fixtures or other property whatsoever . . . and attached or affixed to or installed in said buildings and other improvements, including but not limited to, all heating, plumbing, lighting, water heating, cooking, laundry, refrigerating, incinerating, ventilating and air conditioning equipment, disposals, dishwashers, refrigerators and ranges, recreational equipment and apparatus, utility lines and equipment . . ., sprinkler systems, fire extinguishing apparatus and equipment, water tanks, swimming pools, engines, machines, elevators, motors, cabinets, shades, blinds, partitions, window screens, screen doors, storm windows, awnings, drapes, and rugs and other floor coverings, and all fixtures, accessions and appurtenances thereto, and all renewals or replacements of or substitutions for any of the foregoing, all of which materials, equipment, fixtures and other property are hereby declared to be permanent fixtures and accessions to the freehold and part of the realty conveyed herein as security for the indebtedness herein mentioned; (iii) all easements and rights of way now and/or at any time hereafter used in connection with any of the foregoing property or as a means of ingress to or egress from said property or for utilities to said property; (iv) all interests . . . in and to any streets, ways, alleys and/or strips of land adjoining said land or any part thereof; and (v) all rights, estates, powers and privileges appurtenant or incident to the foregoing (collectively, the "Mortgaged Property").

4. Moreover, pursuant to the Deed of Trust, Optima Stemmons possesses the right to foreclose on the Mortgaged Property.

---

Agreement, Assignment of Leases and Rents, and Fixture Filing ("Deed of Trust") securing the Note recorded on December 23, 2019, as well as any modifications thereto, (iii) any other indebtedness secured by the same Deed of Trust, and (iv) all rights and remedies available under both the Note and the Deed of Trust, including all payments of interest, principal, and fees due under the Note.

20-cv-20238, ECF#1, ¶ 9 (Verified Complaint's definition of the "Defendant Asset").

5. Laber holds a 16.665% ownership and membership interest in Optima Ventures.

6. Pursuant to Optima Ventures and 87STE Lending's respective operating agreements, Optima Ventures is allocated all of 87STE Lending's profits and losses.

7. Pursuant to Optima Ventures and Optima Stemmons' respective operating agreements, Optima Ventures is allocated all of Optima Stemmons' profits and losses

8. Pursuant to Optima Ventures, Optima Stemmons and 87STE Lending's respective operating agreements, , Laber possesses a vested right to receive distributions from the Promissory Note dated December 19, 2019 and the Deed of Trust securing the Promissory Note, proportional to his 16.665% ownership and membership interest in Optima Ventures.

9. By way of Laber's ownership and membership interests, Laber claims an interest in the following:

> A 16.665% ownership and membership interest in Optima Ventures, which in turn holds a 100% ownership and membership interest in 87STE Lending, which in turn possesses as its sole asset the Promissory Note dated December 19, 2019, and retains a security interest in the Deed of Trust securing the Promissory Note;
>
> A 16.665% ownership and membership interest in Optima Ventures, which in turn holds a 100% ownership and membership interest in Optima Stemmons, which in turn holds in trust the Mortgaged Property and possesses the right to foreclose on the Mortgaged Property; and
>
> A vested right to receive distributions from the Promissory Note dated December 19, 2019 and the Deed of Trust securing the Promissory Note proportional to Laber's 16.665% ownership and membership interests in Optima Ventures;[2]

(collectively the "Defendant Asset").

10. The Verified Complaint, filed on January 20, 2022, by the United States, concedes that "[t]he interests of . . . Uriel Laber . . . may be adversely affected by these proceedings." ECF#1, ¶ 15.

---

[2] *See, e.g.,* Del. Code §§ 18-101(10), 18-601, 18-604-18-606, 18-701; New York Limited Liability Company Law ("LLCL") §§ 102(r), 503-507, § 601.

11. Moreover, the *Ex Parte* Restraining Order, (ECF#5, ¶ 5(a)), dated January 25, 2022, restrains "Laber. . . and [his] attorneys, agents, and anyone acting on their behalf, and all persons or entities acting in concert or participation with any of the above[.]"

12. Claimant has an interest in the Defendant Asset and respectfully contests the forfeiture.

13. In submitting this claim, Laber reserves any and all objections to this Court's jurisdiction over the subject of this action, including that such claims should be submitted to arbitration at the appropriate time pursuant to the Treaty Between the United States of America and Ukraine Concerning the Encouragement and Reciprocal Protection of Investment, dated March 4, 1994, (the "U.S.-Ukraine BIT"), and that a promissory note is not a proper defendant-in-rem.

14. The effort to preserve the status quo during the U.S.-Ukraine BIT's six-month cooling-off period should not be construed as a waiver of any rights or the submission of the merits of the dispute to the courts or administrative tribunals of the United States. *See* U.S.-Ukraine BIT, Art. VI(3) ("Provided that . . . six months have elapsed from the date on which the dispute arose, the national or company concerned may choose to consent in writing to the submission of the dispute for settlement by binding arbitration."). The Claimant's initial effort to preserve the status quo is not a waiver and Claimant reserves his right at the appropriate time under the U.S.-Ukraine BIT to commence arbitration and to move to compel arbitration in responsive motions.

15. Claimant preserves its right to attorneys' fees and costs pursuant to applicable law, including 28 U.S.C. § 2412(d)(4) and § 2465(b).

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Rule G(9) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Claimant hereby preserves his right to demand a trial by jury as to all issues so triable, without prejudice to any defenses, jurisdictional or otherwise, including that such claims should be submitted to arbitration pursuant to the U.S.-Ukraine BIT at the appropriate time. Claimant's initial effort to preserve his right to a jury trial is not a waiver and Claimant reserves his right at the appropriate time under the treaty to commence arbitration and to move to compel arbitration in responsive motions.

Dated: March 3, 2022

        Respectfully submitted,

        Black, Srebnick
        201 South Biscayne Blvd., Suite 1300
        Miami, FL 33131
        Tel: (305) 371-6421
        Fax: (305) 371-6322

By:    */s/ Howard M. Srebnick*
        Howard M. Srebnick
        Florida Bar No. 919063
        Robert T. Dunlap
        Florida Bar No. 11950
        HSrebnick@RoyBlack.com
        RDunlap@RoyBlack.com

        *Attorneys for Uriel Laber*


        Kasowitz Benson Torres LLP
        1633 Broadway
        New York, New York 10019
        (212) 506-1700
        Marc E. Kasowitz
        Mark P. Ressler
        Joshua Paul
        *Pro Hac Vice Anticipated*
        MKasowitz@kasowitz.com
        MRessler@kasowitz.com
        JPaul@kasowitz.com

        *Attorneys for Uriel Laber*

Verification

I, Uriel Laber, make this verification on my own behalf.

I have read the foregoing Verified Claim of Uriel Laber responsive to the complaint in *United States v. The Promissory Note with a Principal Amount of $5.7 Million*, Case No.: 1: 22-cv-20238 -MGC (S.D. Fla. 2022), and know the contents of the Verified Claim.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on March 3, 2022 at Miami, Florida.

_____
Uriel Laber