UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-cv-23278 GAYLES/GOODMAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALL RIGHT TO AND INTEREST IN PNC
CORPORATE PLAZA HOLDINGS LLC HELD,
CONTROLLED, OR ACQUIRED, DIRECTLY OR
INDIRECTLY, BY OPTIMA CBD INVESTMENTS
LLC AND/OR CBD 500 LLC, INCLUDING ANY
INTEREST HELD IN OR SECURED BY THE REAL
PROPERTY AND APPURTENANCES LOCATED
AT 500 WEST JEFFERSON STREET, LOUSIVILLE,
KY 40202, et al.,

    Defendants.
_____/

## POST-HEARING ADMINISTRATIVE ORDER[1]

On July 8, 2022, the Undersigned held an in-person hearing on Claimants' Renewed Motion to Dismiss. [ECF Nos. 78; 142]. At the hearing, the Undersigned **ordered**

---

[1] This Order imposes an additional filing requirement on the United States and separate new substantive filing requirement on both parties. Those new requirements have deadlines, of course, so the parties should carefully read this Order to understand their additional substantive assignments and the new deadlines associated with them. The Undersigned has also increased the page limits, where appropriate, when an additional issue or sub-issue has been added to the post-hearing supplemental briefing assignment.

as follows:

Topic No. 1:

By July 29, 2022, the parties shall each file a notice on CM/ECF informing the Court, on an exhibit-by-exhibit basis, that party's position on whether the Court can consider the specific exhibit at the motion to dismiss stage. If the party is relying on legal authority to back its position, then the notice shall contain the case or cases supporting the party's position that the exhibit is either proper or improper for consideration at the motion to dismiss stage.

Topic No. 2:

By August 22, 2022, the parties shall each submit a memorandum of law on whether abstention under international comity is mandatory and whether a court can be reversed for not dismissing a case on international comity grounds if the relevant factors have been established. In addition, each memorandum should also discuss whether comity-type abstention is *ever* appropriate in a civil lawsuit filed by the United States (or whether it is merely difficult or challenging or rare, though still technically *possible*). The memoranda shall not exceed eight double-spaced pages (for all issues discussed in this paragraph), size 14 font, excluding signature block and certificate of service. No responses will be permitted absent further Court Order.

Topic No. 3:

The United States shall by July 29, 2022 submit a notice explaining whether it has

ever filed or pursued an *in rem* civil forfeiture lawsuit in the United States arising from fraud or other criminal activity in another country when a court in that country has determined that no fraud or other criminal activity occurred. If there are such cases, then the United States shall list the names and case styles.

Topic No. 4:

The record concerning the interlocutory sale of the Defendant property appears confusing (at least to me). At last Friday's hearing, Government counsel advised me that the Defendant property had been sold in a Court-approved interlocutory sale. This struck me as procedurally odd, as the real estate itself is not the *in rem* Defendant.

The Undersigned acknowledges that the Court in 20-23279 entered an Ex Parte Restraining Order [ECF No. 5] which, in part, authorized, in paragraph 5e, 500 West Jefferson Street LLC to consummate the sale as agreed to in the Purchase and Sale Agreement dated July 17, 2020 and amended on July 23, 2020. Because this Court-authorized sale might impact Claimants' arguments concerning the identification or misidentification of the appropriate res, the Undersigned would like additional documentation and information.

Specifically, by July 29, 2022, the United States shall file the following materials concerning the interlocutory sale of the Defendant property:

1. A notice specifically explaining the precise nature of what was sold in the interlocutory sale.

2. A copy of the purchase agreement, including the amended version.

3. A copy of the listing for the property which resulted in the interlocutory sale.

4. A copy of the deed (or other transfer of interest document) arising from the interlocutory sale.

5. Copies of all title policies issued in connection with the interlocutory sale.

6. Copies of all communications between the United States and the interlocutory sale purchaser, including communications with the purchaser's attorney or agent, concerning the specific description of the property being sold in the interlocutory sale and the nature of the property interest being conveyed.

Topic No. 5:

By August 22, 2022, the parties shall each file a memorandum of law on (1) whether the Government has properly named the asset to be forfeited and (2) whether the Complaint adequately alleges a substantial connection between the specific property named (atypically, as appears to be the case) and the alleged illegal activity. The memoranda shall not exceed fifteen double-spaced pages, size 14 font, excluding signature block and certificate of service. The memoranda should, of course, include a discussion of the sale-related Notice (required above) and documents which the United States will provide in response to this Order. No responses will be permitted absent further Court Order.

Topic No. 6:

By August 12, 2022, Claimants shall submit a memorandum of law on whether Kentucky foreclosure law extinguishes all prior liens in a manner similar to the California law discussed by the Ninth Circuit in *United States v. Real Prop. at 2659 Roundhill Dr., Alamo, Cal.*, 194 F.3d 1020, 1026 (9th Cir. 1999). The United States shall file a response memorandum by August 22, 2022. The memoranda shall not exceed seven double-spaced pages, size 14 font, excluding signature block and certificate of service. No reply will be permitted absent further Court Order.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on July 11, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Darrin P. Gayles
All counsel of record