UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:20-cv-23278-DPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

REAL PROPERTY LOCATED AT
7505 AND 7171 FOREST LANE,
DALLAS, TEXAS 75230 et al.,

    Defendants.
_____/

**<u>CLAIMANTS' NOTICE REGARDING TOPIC NUMBER TWO OF THE COURT'S POST-HEARING ADMINISTRATIVE ORDER (D.E. 143)</u>**

In their motion to dismiss and supplemental filings (Dkt. 78, 118, 126, 137, 140), Claimants showed that the Verified Complaint should be dismissed because, among other reasons, this Court should abstain from jurisdiction in favor of parallel proceedings in which Ukrainian courts have issued judgments directly contradicting the United States' core allegations in this case.

Following oral argument, the Court issued a Post-Hearing Administrative Order (Dkt. 143) asking the parties to address certain issues in supplemental filings including, as relevant to this submission: (1) whether abstention under international comity is mandatory such that a court can be reversed for not dismissing a case on international comity grounds if the relevant factors have been established; and (2) whether comity is ever appropriate in a civil lawsuit filed by the United States. (*Id.*). As explained below, (1) abstention is a discretionary doctrine, but the Eleventh Circuit can reverse, and has reversed, denial of comity where the trial court abused its discretion; and (2) abstention based on international comity in a civil action brought by the United States is consistent with the law and appropriate in this action.

## I. Failure To Abstain For Comity May Be Reversible Error

Abstention based on international comity permits courts to abstain from exercising jurisdiction in deference to the decisions of foreign sovereigns. *See Ungaro-Benages v. Dresdner Bank AG,* 379 F.3d 1227, 1237-38 (11th Cir. 2004). Courts consider three factors when evaluating a claim for abstention under

international comity: (1) the principles of international comity; (2) fairness to litigants; and (3) efficient use of scarce judicial resources. *Turner Ent. Co. v. Degeto Film GmbH*, 25 F.3d 1512, 1518 (11th Cir. 1994). Where, as here, foreign courts have issued judgments on the relevant issues, retrospective comity applies, and courts consider whether: (1) the foreign court was competent and used proceedings "consistent with civilized jurisprudence," (2) the foreign judgment was rendered by fraud, and (3) the foreign judgment is prejudicial because it is "repugnant to fundamental principles of what is decent and just." *Ungaro-Benages*, 379 F.3d at 1238. Courts also consider whether the central issue in a dispute is a matter of foreign law and the prospect of conflicting judgments. *See Turner*, 25 F.3d at 1521.

As with most doctrines of abstention, the decision to abstain under international comity is discretionary and not mandated by statute. *See Ungaro-Benages*, 379 F.3d at 1237 n.13 ("Abstention doctrines are prudential doctrines and this court is not obligated under American statutory law to defer to foreign courts.") While discretionary, however, a trial court's determination to abstain or exercise jurisdiction is subject to appellate review. *See, e.g., Daewoo Motor Am., Inc. v. Gen. Motors Corp.*, 459 F.3d 1249, 1256 (11th Cir. 2006) (affirming dismissal of action under international comity abstention); *Turner*, 25 F.3d at 1523 (vacating district court order that failed to apply international comity abstention); *Ungaro-Benages*, 379 F.3d at 1240–41.

The standard of review on such an appeal is whether the trial court abused its discretion in granting or denying dismissal based on abstention. *See Daewoo Motor Am., Inc.*, 459 F.3d at 1256 ("While we ordinarily review the grant of motions to dismiss or summary judgment *de novo*, a district court's decision to abstain will only be reversed upon a showing of abuse of discretion."); *In re Neves*, 783 F. App'x 995, 996 (11th Cir. 2019) ("We review a court's grant or denial of comity for abuse of discretion."); *Belize Telecom, Ltd. v. Gov't of Belize*, 528 F.3d 1298, 1308–09 (11th Cir. 2008) ("This Court also reviews a district court's grant or denial of comity to a foreign judgment for abuse of discretion."). "A court abuses its discretion if it applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Neves*, 783 F. App'x at 996; *see also Belize Telecom*, 528 F.3d at 1303 ("A district court abuses its discretion when the court fails to apply the proper legal standard or to follow proper procedures in making its determination.").

Accordingly, contrary to the United States' contention during the hearing on Claimants' motion to dismiss,[1] it would be reversible error for this Court to deny Claimants motion to dismiss if, based on an analysis of the relevant factors, dismissal

---

[1] *See* Dkt. 145 (July 8, 2022 Hr'g Tr.) at 72–73 ("COURT: So it sounds to me like it could be an abuse of discretion going one way to dismiss, but not an abuse of discretion to deny the motion to dismiss. Is that in effect what you are saying? MR. BRONSHTEIN: Effectively, yes, Your Honor.")

3

would be appropriate. Indeed, the Eleventh Circuit has found that a trial court abused its discretion in ***denying*** a motion to dismiss based on abstention.[2]

In *Turner*, the Eleventh Circuit vacated the judgment of a district court denying a motion to dismiss or stay proceedings in deference to parallel foreign proceedings. *Turner*, 25 F.3d at 1523. The plaintiff, Turner Broadcasting, sued a group of German public television networks, alleging that they breached the parties' license agreement by using satellites that extended their broadcast range beyond the agreed upon territory. *Id.* at 1516–17. After the action was removed to federal court, defendants moved to dismiss or stay in deference to parallel proceedings in Germany, which had determined that the defendants' conduct was permissible. *Id.* The district court denied the motion to dismiss and granted plaintiff's motion for a preliminary injunction, but on appeal the Eleventh Circuit reversed and vacated the district court's order. *Id.* at 1523. The Eleventh Circuit conducted an analysis of the factors to be considered in deciding whether comity applies, and reasoned that "the relevant concerns of international comity, fairness and efficiency point overwhelmingly, at this stage of the litigation, to deference to the German forum

---

[2] In *Belize Telecom*, the Eleventh Circuit reversed the district court's denial of comity following a bench trial after asking the parties to brief the issue of the deference to be afforded the foreign judgment at issue. *See* 528 F.3d at 1304–05. Recognizing the importance of considering and deciding the issue properly, the court chose to exercise its discretion to conduct the comity analysis in part "[b]ecause the existence of a foreign judgment and the potential for conflicting judgments implicate concerns beyond those of the parties to the dispute." *Id.* at 1304 n.7.

which has already rendered a judgment on the merits." *Id.*

As demonstrated in *Turner* and otherwise, this Court's decision concerning Claimants' motion to dismiss based on comity will be subject to appeal by the Eleventh Circuit to determine if this Court abused its discretion.

## II. Comity May Apply In Civil Suits Filed By The United States

With respect to the application of comity in civil actions commenced by the United States, there is no authority that the doctrine of international comity cannot apply as a matter of law, and the application of the doctrine to dismiss the United States' claims here is consistent with the law and the purpose of the doctrine.

Notwithstanding the United States' contention that this Court cannot apply comity in a civil case where the United States is a plaintiff, to date Claimants have not identified a single case in which a court has held, as a matter of law, that international comity cannot apply in civil actions brought by the United States. To the contrary—in the litany of cases cited by the United States in which claimants argued that comity should apply (*see* Dkt. 119 at 9-11; Dkt. 149)—none held that comity was inapplicable as a matter of law, and all but one noted that, at most, the role of the United States as plaintiff was one of a number of factors to be considered in deciding whether comity applies.[3] *See, e.g., United States v. One Gulfstream G-*

---

[3] The one case that did not specifically address the other elements of international comity, *United States v. All Assets Held In Acct. No. XXXXXXXX*, 83 F. Supp. 3d

5

*V Jet Aircraft*, 941 F. Supp. 2d 1, 10 (D.D.C. 2013) (declining to apply comity where no parallel foreign proceeding existed and noting that government's status as plaintiff was factor that "counsel[ed] against invoking the doctrine of comity"); *United States v. All Assets Held at Bank Julius Baer & Co.* ("*Bank Julius*"), 772 F. Supp. 2d 205, 207 (D.D.C. 2011) (declining to apply comity where no conflict between U.S. allegations and "decisions of [] Russian judiciary or legislature" and stating in *dicta* that when U.S. is plaintiff "would seem a particularly unsuitable candidate for abstention on international comity grounds"); *United States. v. Approximately $3,275.20 seized from Bank of Am. Acct. No. XXXXXXXXXX*, 2021 WL 5300512, at *4 (S.D. Fla. Nov. 15, 2021) (finding claimant failed to allege a conflicting foreign proceeding or judgment and holding comity not applicable "in this particular case"). Crucially, none of these courts held that the United States' status as plaintiff, on its own, bars the application of comity as a matter of law.

The lack of case law applying comity to civil forfeiture claims brought by the United States is not surprising, however, given the unprecedented nature of the United States' claims before this Court. Here, the NZF and ZFZ Judgments eviscerate the United States' foundational allegations—that the proceeds used to purchase the property in Kentucky were obtained in Ukraine by fraud in violation of

---

360, 371-72 (D.D.C. 2015) is inapposite as there was no foreign judgment contradicting the United States' allegations.

Ukrainian law. Those Judgments hold that the specific loans the United States has identified as purportedly "fraudulent" were not fraudulent at all, but were in fact lawful and proper. As Claimants have explained, there are no other examples where the United States has pursued claims in a civil forfeiture action premised on allegations already adjudicated, and found contrary to the United States' position, in a foreign court.

And, despite having multiple opportunities to do so, the United States has been unable to identify for the Court any cases, like this one, in which it has pursued civil forfeiture claims in the face of conflicting judgments *already issued* by foreign courts directly contradicting the United States' allegations. *See U.S. v. All Assets Held In Acct. No. XXXXXXX*, 83 F. Supp. 3d 360, 363–64, 371 (D.D.C. 2015) (settlement agreement); *Approximately $3,275.20*, 2021 WL 5300512 at *4 (ongoing investigation); *United States v. All Funds on Deposit at Sun Secured Advantage, Acct. No. *XXXX*, 864 F.3d 374, 380 (5th Cir. 2017) (documents that "fell far short of demonstrating" result of Mexican investigation); *United States v. Sum of $70,990,605*, 234 F. Supp. 3d 212 (D.D.C. 2017) (order of Afghan attorney general); *United States v. Real Prop. known as 2291 Ferndown Lane, Keswick VA 22947-9195*, 2011 WL 2441254 at *3 (W.D. Va. June 14, 2011) (non-final judgments later reversed on appeal); *United States v. Real Prop. Known as Unit 5B*, 2012 WL 1883371 at *7 (S.D.N.Y. 2012) (foreign judgment consistent with

government allegations); *One Gulfstream*, 941 F. Supp. 2d at 10 (no parallel foreign proceeding).[4]

In addition, applying comity in these circumstances furthers a primary goal of the doctrine: preventing conflicting judgments. The Eleventh Circuit has explained that the risk of inconsistent judgments in different courts across international boundaries creates concerns about "the prospect of 'dueling courts,' conflicting judgments, and attempts to enforce conflicting judgments," all of which "raise major concerns of international comity." *Turner*, 25 F.3d at 1521. The risk of conflict is particularly high here, where the Court will be called upon to decide issues of Ukrainian law involving the same facts upon which Ukrainian courts already have passed judgment. *See* Dkt. 78 at 9; Dkt. 126 at 3-6.

The Government's position is an unprecedented assertion of executive authority in contravention of the well-established doctrine of international comity— the doctrine that a state should recognize the "legislative, executive, or judicial acts of another nation, with due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws." *Hilton v. Guyot*, 159 U.S. 113, 164 (1895).

---

[4] In *Bank Julius*, the individual at the center of the alleged scheme had been charged with crimes in Ukraine, convicted of crimes in Switzerland, and indicted for crimes in the United States. *See* 2005 WL 6718216 (Complaint, ¶¶15-17).

August 22, 2022

        Respectfully submitted,

        */s/ Howard M. Srebnick*
        Howard M. Srebnick (FL Bar No. 919063)
        Black Srebnick, P.A.
        201 South Biscayne Blvd., Suite 1300
        Miami, FL 33131
        Tel: (305) 371-6421
        Fax: (305) 371-6322
        HSrebnick@RoyBlack.com

        */s/ Robert T. Dunlap*
        Velvel (Devin) Freedman
        Robert T. Dunlap (FL Bar No. 119509)
        Colleen Smeryage
        Roche Freedman LLP
        1 SE 3rd Avenue, Suite 1250
        Miami, FL 33131
        Tel:  (786) 924-2900
        vel@rochefreedman.com
        rdunlap@rochefreedman.com
        csmeryage@rochefreedman.com

        Marc E. Kasowitz
        Mark P. Ressler
        Joshua N. Paul
        *Pro Hac Vice Anticipated*
        Kasowitz Benson Torres LLP
        1633 Broadway
        New York, New York 10019
        Tel: (212) 506-1700
        MKasowitz@kasowitz.com
        MRessler@kasowitz.com
        JPaul@kasowitz.com

        *Attorneys for Claimants*