UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-cv-23278-GAYLES/GOODMAN

UNITED STATES OF AMERICA,

        Plaintiff,

APPROXIMATELY $9,105,221.62 IN FUNDS (PLUS
INTEREST) CURRENTLY HELD BY THE UNITED
STATES MARSHALS SERVICE REPRESENTING 95%
OF THE NET PROCEEDS FROM THE SALE OF THE
REAL PROPERTY LOCATED AT 500 WEST
JEFFERSON STREET, LOUISVILLE, KY 40202
KNOWN AS PNC PLAZA

        Defendant.
_____/

**CLAIMANTS' RESPONSE TO GOVERNMENT'S MOTION TO STAY**
**(ECF No. 201)**

On May 18, 2023, the Government filed its second Motion to Stay Case No. 20-cv-23279 Pending Resolution Of A Related Criminal Investigation (ECF No. 201) (the "Second Motion to Stay"). Claimants Mordechai Korf, Uriel Laber, Optima CBD Investments LLC, and CBD 500 LLC hereby respond to and oppose the Government's Second Motion to Stay. The Second Motion to Stay lacks merit and should be denied just as the prior motion to stay (ECF No. 46) (the "First Motion to Stay") was denied.

## PRELIMINARY STATEMENT

Having filed this civil forfeiture case nearly three years ago, after fully litigating a prior motion to dismiss (which the Court granted without prejudice), and having filed the First Amended Complaint (ECF No. 187) (the "FAC"), the Government (again) seeks to stay this case indefinitely "pending resolution of a related criminal investigation." The Court, however, already rejected the Government's argument in denying the First Motion to Stay over two years ago, and for good reason.[1] The statute the Government relies upon in support of its request for a stay, 18 U.S.C. § 981(g)(1), requires the Government prove that "*civil discovery* will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." (emphasis added). Quite simply, the statute does not apply, and the Government's motion should be denied, because Claimants are not seeking civil discovery of any kind. And, contrary to the Government's position, a motion to dismiss for failure to state a claim, including a motion based on the statute of limitations, does not constitute, or require, "civil discovery." Rather, with some limited exceptions, in considering a motion to dismiss, the Court must accept the allegations

---

[1] *See* ECF No. 75 (Omnibus Order) ("The Court denies the government's motion to stay the Kentucky action, case no. 20-cv-23279"); *see also* ECF No. 77 at 10:17, 16:5-9 (transcript of hearing on motion to stay, with counsel noting that Claimants are "not invoking civil discovery" and that "[t]he rule requires that the government show that civil discovery will adversely affect the criminal proceedings, but if [Claimants] are not invoking civil discovery, they can't meet that test and [Claimants] are not invoking civil discovery."); ECF No. 55 at 2-3 (response in opposition to stay noting that "the United States fails to explain how the resolution of a pending motion to dismiss for failure to state a claim *as a matter of law* will adversely affect a criminal investigation" and that "[a] Rule 12(b)(6) motion addresses not the bases for the factual allegations, but only whether the facts alleged state a claim as a matter of law.").

in the complaint as true, and the Government need only defend the *legal* (not factual) soundness of the FAC.

The Government's Second Motion to Stay is therefore based upon a red herring because the Claimants have not served any discovery requests, and only seek to dismiss the FAC for failure to state a claim. Indeed, the Claimants raised this exact argument in opposing the First Motion to Stay pursuant to § 981(g)(1) over two years ago, (*see* ECF No. 55 at 3), and the Court properly denied that motion to stay. Nothing has changed since the First Motion to Stay, and the instant motion is nothing more than the Government's improper attempt to seek reconsideration of the Court's denial of its First Motion to Stay. But mere disagreement and discontentment with the Court's decision that the Government should respond to the Motion to Dismiss and defend the FAC as a matter of law is insufficient to demonstrate entitlement to reconsideration. At bottom, the plain language of the statute requires there be "civil discovery" in order for the Government to obtain a stay. Here, indisputably, the Claimants have not sought and do not seek any civil discovery, and Court can and should decide the pending Motion to Dismiss without any. The Government's Second Motion to Stay therefore lacks merit and should be denied, just as the First Motion to Stay was denied over two years ago.

## **LEGAL STANDARD**

18 U.S.C. § 981(g) provides for stay of a civil forfeiture case pending the conclusion of a related criminal investigation or trial only where civil discovery will adversely affect the related criminal case. Indeed, the statute reads in pertinent part that "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). If "the Government's arguments do nothing more than speculate about how civil discovery will adversely affect its criminal investigation," a stay is improper. *United States v. All Funds ($357,311.68) Contained in N. Trust Bank of Fla. Account No. 7240001868*, No. Civ. A. 3:04–1476, 2004 WL 1834589, at *2 (N.D. Tex. Aug. 10, 2004). "Importantly, the government's burden is not simply to show that civil

discovery *could* adversely affect the criminal case, but to prove that civil discovery *will* adversely affect the criminal case." *United States v. $3,592.00 United States Currency*, 2016 WL 5402703, at *1 (W.D.N.Y. Sept. 28, 2016) (emphasis in original); *see also United States v. Leasehold Interests In 118 Ave. D, Apartment 2A*, 754 F. Supp. 282, 287 (E.D.N.Y. 1990) ("[T]he Government should be required to make some specific showing of potential harm if the requested discovery is disclosed without being compelled to compromise the prosecution of the ongoing related criminal proceeding. Mere conclusory allegations of potential abuse or simply the opportunity by the claimant to improperly exploit civil discovery, however, will not avail on a motion for a stay.") (emphasis in original)). Here, the Government cannot meet its burden to show that civil discovery *will* adversely impact a criminal investigation because there is no civil discovery that could have such an impact.[2]

## PROCEDURAL BACKGROUND

More than two years ago, on February 19, 2021, the Government filed the First Motion to Stay (ECF No. 46), which sought to stay this case pending an alleged criminal investigation. The Claimants opposed that motion on March 2, 2021 (ECF No. 55), and the Government replied on March 8, 2021 (ECF No. 59). On May 13, 2021, following a hearing (ECF No. 77), the Court denied the Government's First Motion to Stay. *See* ECF 75. After the motion to stay was denied, the Government again sought to suspend briefing. Specifically, on May 27, 2021, the Government moved to strike certain claimants and requested that the Court "suspend the deadlines." *See* ECF No. 79 at 9. On June 7, 2021, the Court suspended briefing on the motion to dismiss. *See* ECF No.

---

[2] Even if there is an adequate showing that "civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation," 18 U.S.C. § 981(g)(1), which here there is not, if "a well-crafted protective order limiting discovery could 'protect the interest' of the government while preserving the ability of the claimants to pursue the civil case," the case should not be stayed. *United States v. Sum of $70,990,605*, 4 F. Supp. 3d 209, 214 (D.D.C. 2014). The parties could work on an appropriate protective order while still allowing this Court to decide the pending Motion to Dismiss.

80. On March 29, 2022, the Court denied the motion to strike and required the Government to respond to the motion to dismiss. *See* ECF No. 117.

On May 25, 2022, the Government attempted to renew its motion to stay through an *ore tenus* motion presented to this Court at a status conference, and this Court *again* declined to stay briefing on the motion to dismiss and referred the motion to dismiss to Judge Goodman "for a ruling." *Compare* ECF No. 134 at 5:16-17 (May 25, 2022 Status Conference) (Government arguing that "a stay under 981(g) would be appropriate here") *with* ECF No. 132 (May 25, 2022 Order referring Motion to Dismiss to Judge Goodman "for a ruling"). The motion to dismiss (ECF No. 78) was then extensively briefed, including oral argument and supplemental briefing, as well as a three-hour in-person hearing. On September 28, 2022, the Court entered its Report and Recommendations on Claimants' Motion to Dismiss (ECF No. 164) (the "R&R"), which recommended dismissal of the Government's complaint without prejudice. On January 3, 2023, the Court adopted the R&R, granted the motion to dismiss in part, dismissed the complaint without prejudice, and granted leave to amend. *See* ECF No. 185; ECF No. 186. On January 5, 2023, the Government filed the FAC (ECF No. 187), and on February 10, 2023, the Claimants filed their Motion to Dismiss with Prejudice (ECF No. 196).

## ARGUMENT

1. **The Claimants Do Not Seek "Discovery" So § 981(g) is Irrelevant**

Claimants have filed a Motion to Dismiss the FAC for failure to state a claim pursuant to Rule 12(b)(6). *See* ECF No. 196. Therein, Claimants primarily argue that: (1) the FAC is time-barred under the applicable statute of limitations; and (2) the FAC does not meet the heightened pleading standard for forfeiture actions, as it fails to adequately allege that the *in rem* defendant is substantially connected to criminal conduct. As Claimants previously successfully argued to Judge Cooke, (*see* ECF No. 55; ECF No. 75), in responding to a motion to dismiss, the United States does not need to reveal any information or "discovery" that might somehow "adversely affect" a "related criminal investigation" as required by 18 U.S.C. § 981(g)(1). In fact, none of the Claimants in this case has initiated any civil discovery.

For that reason alone, the Government's motion should be denied. The statue *requires* that civil discovery exist, and the government is entitled to a stay under 18 U.S.C. § 981(g)(1) only if that discovery "*will* adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." (emphasis added); *see also United States v. $3,592.00 United States Currency*, 15-CV-6511-FPG, 2016 WL 5402703, at *1 (W.D.N.Y. Sept. 28, 2016) ("Importantly, the government's burden is not simply to show that civil discovery could adversely affect the criminal case, but to show that civil discovery *will* adversely affect the criminal case.") (emphasis in original). Absent any civil discovery whatsoever, let alone any showing of an adverse impact an ongoing criminal investigation, there is no basis in the statute or otherwise for the stay the Government seeks. *See United States v. All Funds ($357,311.68) Contained in N. Tr. Bank of Florida Account No. 7240001868*, CIV.A.3:04-CV-1476-G, 2004 WL 1834589, at *2 (N.D. Tex. Aug. 10, 2004) (denying motion to stay under 981(g) where "Government fail[ed] to point to any specific discovery request or abuse that has taken place"); *United States v. U.S. Currency in the Amount of $423,059.02*, 12-3054-CV-S-ODS, 2012 WL 1950218, at *2 (W.D. Mo. May 30, 2012) ("Claimants warrant they will not seek any discovery from the United States in this forfeiture action. This would seem to address the government's concerns."). Tellingly, the Government does not cite a single case supporting its position that it is entitled to a stay of these proceedings under 981(g) in order to allow it to avoid responding to a motion to dismiss, even in the absence of any actual civil discovery. The Government therefore does not, and cannot, show that responding to Claimants' Rule 12(b)(6) motion is the equivalent of civil discovery, because a Rule 12(b)(6) motion must necessarily accept the factual allegations as true and respond to them on that basis.

Nevertheless, the Government argues in the Second Motion to Stay that, because the Claimants have asked the Court to take judicial notice of certain publicly available emails from the U.S. Department of State, the Motion to Dismiss therefore somehow seeks "to delve into factual matters at the motion to dismiss stage, the litigation of which threatens to adversely impact the ongoing criminal investigation." ECF No. 201 at 9. The Government is wrong.

The exhibits upon which Claimants rely in their Motion to Dismiss are subject to judicial notice. *See Hetherington v. Madden*, 2022 WL 18356994, at *3 (N.D. Fla. Nov. 8, 2022) (court may take judicial notice of documents available publicly on official state websites, especially where there is no dispute as to "the substance or accuracy"); *Awodiuya v. Ross University School of Medecine*, 2019 WL 13244298, at *1 (S.D. Fla. Jan. 8, 2019) (taking judicial notice of documents obtained through a FOIA request). Contrary to the Government's assertion that Claimants "have gone beyond the pleadings and asked the Court to weigh factual contentions and evidence," ECF No. 201 at 9, judicially noticeable facts fall squarely within the corners of the pleadings and are properly considered on a motion to dismiss. *See American Marine Tech, Inc. v. World Group Yachting, Inc.*, 418 F. Supp. 3d 1075, 1081 (S.D. Fla. 2019) ("A court properly takes judicial notice of relevant public records in deciding a motion to dismiss, and consideration of such documents does not convert a motion to dismiss into one for summary judgment"); *Leroy v. Medtronic, Inc.*, 2015 WL 4600880, at *5 (N.D. Fla. Jul. 29, 2015) (courts in this circuit may take judicial notice of public records "whose accuracy cannot reasonably be questioned" without "transforming a motion to dismiss…into a motion for summary judgment").

The Claimants submitted the State Department emails to show that the Government was aware of PrivatBank's nationalization more than five years before the filing of this lawsuit, and the Claimants therefore asked the Court to take judicial notice of those emails produced by the State Department on a publicly available Freedom of Information Act website. *See* Motion to Dismiss, at 15-16. The Government is free, in opposing the Motion to Dismiss, to argue that the State Department documents are not subject to judicial notice (they are), and/or that they do not show on their face that the Government knew or should have known about the alleged offense upon which its claims are based five years prior to the filing of the original complaint (they do). Neither of those arguments, however, require civil discovery of any kind, and thus Section 981(g) does not apply and the Government is not entitled to a stay.

Regardless, Claimants' argument concerning the five-year limitations period is only one of numerous reasons the FAC should be dismissed. *See* Motion to Dismiss at 9-20. Even if the Court

finds that consideration of that argument – and the State Department documents upon which it relies – would be improper at this stage, the Court should still dismiss the FAC based on the remainder of Claimants' arguments, none of which require consideration of the State Department documents or anything other than the publicly-filed allegations in the Government's FAC. *See* Motion to Dismiss at 9-14 (FAC should be dismissed pursuant to 18 U.S.C. § 984(b)'s one-year limitations period); 14-15 (FAC should be dismissed pursuant to 18 U.S.C. § 981(d)'s two-year limitations period); 16-19 (FAC should be dismissed for failing to adequately allege substantial connection between *in rem* defendant and alleged underlying offense). The Government does not argue, because it cannot argue, that responding to these arguments will involve civil discovery, or even require the Court to consider facts outside of the four corners of the Government's own FAC. Given the foregoing, the Government's motion should be denied because the Government has failed to show that (non-existent) civil discovery will adversely impact an ongoing criminal investigation, and thus the Government is not entitled to a stay of this action under Section 981(g).

2. **The Second Motion to Stay is Actually an Inappropriate and Unfounded Motion for Reconsideration**

As noted in Note 1, *supra*, on May 13, 2021, Judge Cooke previously denied the Government's Section 981(g) motion to stay following briefing and a hearing. After Judge Cooke denied the First Motion to Stay, the Government then attempted to renew its motion to stay through an *ore tenus* motion presented to this Court at a status conference on May 25, 2022, and this Court *again* declined to stay briefing on the motion to dismiss and referred the motion to dismiss to Judge Goodman for a ruling. *Compare* ECF No. 134 at 5:16-17 (May 25, 2022 Status Conference) (Government arguing that "a stay under 981(g) would be appropriate here") *with* ECF No. 132 (May 25, 2022 Order referring Motion to Dismiss to Judge Goodman "for a ruling"). The Government's latest effort to avoid defending its flawed pleadings by responding to Claimants'

purely legal arguments demonstrating why the FAC should be dismissed should be denied for the same reasons.

Given this Court's prior denial of the Government's First Motion to Stay, the instant motion is nothing more than an improper effort to seek reconsideration without satisfying the requisite legal standard. *See United States v. Dean*, No. 20- 11603, 2020 WL 7655426, at *2 (11th Cir. Dec. 23, 2020) ("A party's disagreement with the court's decision, absent a showing of manifest error, is not sufficient to demonstrate entitlement to relief."). The Government may disagree with the Court's prior denial of a stay, but "[a] motion for reconsideration is not an opportunity for the moving party and [her] counsel to instruct the court on how the court 'could have done it better' the first time." *N.A.S. v. MORADA-Haute Furniture Boutique, LLC*, 1:20-CV-24676, 2022 WL 17583629, at *1 (S.D. Fla. July 26, 2022) (Gayles, J.) (quoting *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Engineers*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995)). "A motion for reconsideration is also not a vehicle to revisit prior arguments, present issues that should have been presented previously, or induce the Court to 'rethink 'what it already thought through—rightly or wrongly.''" *Id.* (quoting *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)).

There is no good basis for reconsideration because, as was the case when the Government filed, and the Court denied, the First Motion to Stay, Claimants *have not sought and do not seek any discovery whatsoever*. Instead, Claimants seek dismissal of the FAC's fatally flawed claims, after having successfully dismissed the Government's fatally flawed initial claims. The Government should be required to defend its claims as a matter of law. The Government commenced this action nearly three years ago and Claimants have been wrongfully separated from their property for far too long. Responding to Claimants' Motion to Dismiss will not require any civil discovery, and the Government has not shown that defending (or attempting to defend) the sufficiency of its FAC will require disclosing any information that would adversely affect a related criminal investigation. The late Judge Cooke agreed and required the Government to respond to Claimants' original motion to dismiss. *See* ECF No. 75. This Court agreed and denied the

Government's subsequent *ore tenus* stay request (ECF No. 134 at 5:16-17; ECF No. 132), which ultimately culminated in the dismissal of the Government's initial complaint. The Court's denial of the Government's serial stay requests was correct at the time and remains correct now. The Government's desire to avoid scrutiny of the flawed claims in the FAC is no reason for the Court to reconsider. *See* R&R at 82 ("although the Undersigned is not necessarily concluding that the motion to dismiss should be granted for failure to adequately trace the illegal proceeds, I am adopting the commonsense approach that it would be far-more logical and helpful for the Court to evaluate the sufficiency of the allegations in the context of an amended complaint against a different *in rem* defendant.").

Indeed, given the extensive litigation of the original motion to dismiss, it defies credulity for the Government to argue that the new Motion to Dismiss somehow poses any new and distinct dangers to its criminal investigation (which argument is irrelevant in any event as Section 981(g) does not provide for a stay absent civil discovery). The original motion to dismiss was extensively briefed and argued, and Judge Goodman recommended dismissal in the 84-page R&R, which was adopted in its entirety. The Government fails to explain how responding to the legal arguments raised in the instant Motion to Dismiss requires civil discovery – which is not even being sought and which was never obtained (or sought) the last time around – or would otherwise require disclosure of facts that would adversely impact an ongoing criminal investigation.

In short, the Government has not provided any basis for the Court to reconsider its prior decision requiring the Government to defend its pleadings as a matter of law. The Government should be required to respond to Claimants' legal arguments, and this Court should not countenance the Government's efforts to further deprive the Claimants of their property without demonstrating that it has properly asserted claims allowing it to do so.

3. **Reference to Ongoing Investment Arbitration is Irrelevant; Claimants are U.S. Citizens – Not Ukrainian**

One further point bears mentioning: the Government claims that all four civil forfeiture actions are related, that 3 out of 4 cases are stayed, so this case should be stayed too. *See* Second

Motion to Stay at 2. The Government fails to note that the other three cases include properties with majority Ukrainian ownership. Those other three cases are subject to an ongoing international arbitration because the Ukrainian Claimants in those other three cases have availed themselves of the U.S.-Ukraine Bilateral Investment Treaty and its arbitration rights. The property at issue in this case is ultimately beneficially owned *only* by U.S. citizens Mordechai Korf and Uriel Laber and therefore it is not subject to investor-State international arbitration. The Government's claim that the three other cases are "stayed" is fundamentally misleading – they are actively being arbitrated. But this particular case cannot be arbitrated, (and is not being arbitrated), and staying these proceedings will deprive Claimants of over $9 million in property without providing them any right to challenge the sufficiency of the Government's allegations as a matter of law. That result would be fundamentally unfair and entirely antithetical to due process.

## CONCLUSION

For all of the reasons argued above, the Second Motion to Stay should be denied at this juncture, and the Government should be ordered to promptly respond to the Claimants' motion to dismiss.

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2), the Claimants hereby request a hearing on this motion because of the importance of the rights at stake and the utility of discussing the case at a hearing. The Claimants anticipate that any hearing will require no longer than an hour of argument.

Respectfully submitted,

*/s/ Robert T. Dunlap*
Velvel (Devin) Freedman
Robert T. Dunlap (FL Bar No. 119509)
Colleen Smeryage
Friedman Normand Friedland, LLP
1 SE 3rd Avenue, Suite 1250
Miami, FL 33131
Tel: (786) 924-2900
vel@fnf.law
rdunlap@fnf.law
csmeryage@fnf.law

*/s/ Howard M. Srebnick*
Howard M. Srebnick (FL Bar No. 919063)
Zaharah Markoe (FL Bar No. 504734)
Black Srebnick
201 South Biscayne Blvd., Suite 1300
Miami, FL 33131
Tel: (305) 371-6421
Hsrebnick@royblack.com
Zmarkoe@royblack.com

Marc E. Kasowitz
Mark P. Ressler
Joshua N. Paul
*Pro Hac Vice Anticipated*
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Mkasowitz@kasowitz.com
MRressler@kasowitz.com
Jpaul@kasowitz.com

*Attorneys for Claimants*