UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-cv-23278-GAYLES/GOODMAN

UNITED STATES OF AMERICA,

       Plaintiff,

APPROXIMATELY $9,105,221.62 IN FUNDS (PLUS
INTEREST) CURRENTLY HELD BY THE UNITED
STATES MARSHALS SERVICE REPRESENTING 95%
OF THE NET PROCEEDS FROM THE SALE OF THE
REAL PROPERTY LOCATED AT 500 WEST
JEFFERSON STREET, LOUISVILLE, KY 40202
KNOWN AS PNC PLAZA

       Defendant.
_____/

**CLAIMANTS' MOTION FOR RECONSIDERATION PURSUANT TO ECF NO. 207
AND REQUEST FOR BRIEFING SCHEDULE ON MOTION TO DISMISS**

Claimants Mordechai Korf, Uriel Laber, Optima CBD Investments, LLC ("Optima CBD"), and CBD 500, LLC ("CBD 500") (collectively, "Claimants"), pursuant to this Court's Paperless Order Granting the Government's Motion to Suspend Deadlines Surrounding Claimants' Motion to Dismiss, (ECF No. 207), (the "Order") hereby respectfully request that this Court issue a briefing schedule on Claimants' Motion to Dismiss the First Amended Complaint with Prejudice (ECF No. 196) (the "Motion to Dismiss").

In its Order, the Court invited the parties to seek reconsideration if "there is no ruling within sixty days of the Government's Motion to Stay being fully briefed." As of today, the Government's motion to stay this case (ECF No. 201) has been fully briefed for sixty days, the Claimants' Motion to Dismiss has been pending for more than six months, and this case has been pending for more than three years. As Claimants already have shown, the Government's motion to stay is meritless and there is no valid basis for a stay.  The plain language of 18 U.S.C. § 981(g)(1) requires a finding that "civil discovery" will adversely affect a related criminal investigation in order for the Government to obtain a stay in a civil forfeiture proceeding. Here, indisputably, the Claimants have not sought and do not seek civil discovery, and the Court can and should decide the pending Motion to Dismiss without any. The Government's desire to avoid defending its deficient pleading is not a valid basis for a stay.

## PROCEDURAL BACKGROUND

More than three years ago, the Government commenced this action by filing a civil forfeiture complaint that named as the *in rem* defendant the rights and interests of Optima CBD and CBD 500 in PNC Corporate Plaza Holdings, LLC. *See* Case No. 20-cv-23279, ECF No. 1 ¶ 10. Claimants moved to dismiss arguing, *inter alia*, that the complaint failed to allege a cognizable *in rem* defendant and also failed to plead a substantial connection between the purported *in rem* defendant and any alleged underlying criminal activity. *See* Case No. 20-cv-23279, ECF No. 78 at 16-18 (the "First Motion to Dismiss). After denying the Government's prior motion to stay these proceedings, ECF No. 46 (the "First Motion to Stay"), this Court ultimately recommended dismissal without prejudice (ECF No. 164) (the "R&R") and Judge Gayles affirmed and adopted

the R&R on January 3, 2023, while permitting the Government an opportunity to amend. *See* ECF No. 185 & 186. On January 5, 2023, the Government filed its first amended complaint. ECF No. 187 (the "FAC").

On February 10, 2023, Claimants moved to dismiss the Government's FAC with prejudice, (ECF No. 196) (the "Motion to Dismiss"), and, on March 8, 2023, Judge Gayles referred the Motion to Dismiss to this Court for "a report and recommendation." ECF No. 198. Yet instead of responding to the Motion to Dismiss, on May 18, 2023, thirteen days after Claimants answered the Governments Second Set of Special Interrogatories, the Government (again) moved to stay these proceedings, (ECF No. 201) (the "Second Motion to Stay"), claiming that 18 U.S.C. § 981(g)(1) requires an indefinite stay. But the District Court has already rejected the exact same argument in denying the First Motion to Stay, the parties have already fully and finally litigated the First Motion to Dismiss, and Claimants – over three years into this case – have still not sought any discovery. *See* ECF No. 46; ECF No. 55 at 2-3 (response in opposition to First Motion to Stay noting that "the United States fails to explain how the resolution of a pending motion to dismiss for failure to state a claim as a matter of law will adversely affect a criminal investigation" and that "[a] Rule 12(b)(6) motion addresses not the bases for the factual allegations, but only whether the facts alleged state a claim as a matter of law."); ECF No. 75 (Omnibus Order) ("The Court denies the government's motion to stay the Kentucky action, case no. 20-cv-23279."); *see also* ECF No. 77 at 10:17, 16:5-9 (transcript of hearing on motion to stay, with counsel noting that Claimants are "not invoking civil discovery" and that "[t]he rule requires that the government show that civil discovery will adversely affect the criminal proceeding, but if [Claimants] are not invoking civil discovery, the [Government] can't meet that test and [Claimants] are not invoking civil discovery."). The Government's latest attempt to avoid defending its flawed pleadings – by again claiming that responding to a motion to dismiss will cause irreparable harm to a criminal investigation – is even more unavailing today than its first attempt, which was properly denied in 2021. The First Motion to Dismiss has already been extensively litigated and ruled on by the Court without any "cat out of the bag" discovery intruding into an alleged criminal investigation. Given

the procedural background, the briefing and resolution of the Motion to Dismiss will not cause irreparable harm but will instead proceed on well-trodden ground.

Yet despite all this history, on May 18, 2023, the Government moved this Court to suspend the Government's obligation to respond to the Motion to Dismiss pending resolution of the Second Motion to Stay. *See* ECF No. 202. Because the Second Motion to Stay is "pending before Judge Gayles," Claimants responded that they did not oppose a "limited, temporary suspension of the Government's deadline to respond to Claimants' Second Motion to Dismiss" and Claimants "agree[d] to briefly defer the Government's obligation to respond to the Motion to Dismiss." ECF No. 206. That same day, this Court granted the Government's unopposed motion to suspend deadlines, but invited the parties to "file a motion to reconsider" in the event that "there is no ruling within sixty days of the Government's Motion to Stay being fully briefed[.]"  ECF No. 207. As of yesterday, the Second Motion to Stay has been fully briefed for 60 days.

## ARGUMENT

Throughout the three-year lifespan of this civil forfeiture case, the Government has sought to indefinitely stay this proceeding at every step. Having received a second chance to plead its forfeiture claim, the Government — rather than defend its insufficient FAC —continues its efforts to delay this proceeding without end. *See generally* ECF No. 201; ECF No. 202. As it unsuccessfully argued before, the Government contends, pursuant to 18 U.S.C. § 981(g)(1), that it need not respond to the Motion to Dismiss and that its obligation to respond should be suspended indefinitely because responding to Claimants' legal arguments will adversely affect a related criminal investigation.

The fundamental and ultimately fatal problem with the Government's argument is that 18 U.S.C. § 981(g)(1) requires the Government prove that "*civil discovery* will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." (emphasis added). Quite simply, the statute does not apply,[1] and the Government's

---

[1] In the Response in Opposition to the Government's Second Motion to Stay, Claimants show that 18 U.S.C. § 981(g)(1) does not apply. *See* ECF No. 208.

effort to avoid responding to the Second Motion to Dismiss should be denied because Claimants are not seeking civil discovery of any kind. Contrary to the Government's position, a motion to dismiss for failure to state a claim, including a motion based on the statute of limitations, does not constitute, or require, "civil discovery." Rather, with some limited exceptions, in considering a motion to dismiss, the Court must accept the allegations in the complaint as true, and the Government need only defend the *legal* (not factual) soundness of the claims it asserts in FAC. The Government's Second Motion to Stay is therefore based upon a red herring because the Claimants have not propounded any discovery, and instead only seek to dismiss the FAC for failure to state a claim as a matter of law.

At bottom, the plain language of the statute requires "civil discovery" that will adversely affect an investigation for the Government to obtain a stay. Here, indisputably, the Claimants have not sought and do not seek any civil discovery, and the Court can and should decide the pending Motion to Dismiss without any. The Government commenced this action nearly three years ago and Claimants have been wrongfully separated from their property for far too long. The Government should be required to defend its claims as a matter of law, just as they had to do so with their original complaint.

1. **The Claimants Do Not Seek "Discovery" So § 981(g) is Irrelevant**

Under Section 981(g)(1), a court must stay "the civil forfeiture proceeding if the court determines *that civil discovery* will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." (emphasis added). Yet, at this point in this matter, there is no prospect of civil discovery, since Claimants have not requested any. For that reason alone, the Government's motion should be denied. The statute requires that civil discovery exist, and the government is entitled to a stay under 18 U.S.C. § 981(g)(1) only if that discovery "*will* adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." (emphasis added); *see also United States v. $3,592.00 United States Currency*, 15-CV-6511-FPG, 2016 WL 5402703, at *1 (W.D.N.Y. Sept. 28, 2016) ("Importantly, the government's burden is not simply to show that

civil discovery *could* adversely affect the criminal case, but to show that civil discovery *will* adversely affect the criminal case.") (emphasis in original). Absent any civil discovery whatsoever, let alone any showing of an adverse impact an ongoing criminal investigation, there is no basis in the statute or otherwise for the stay the Government seeks. *See United States v. All Funds ($357,311.68) Contained in N. Tr. Bank of Florida Account No. 7240001868*, CIV.A.3:04-CV-1476-G, 2004 WL 1834589, at *2 (N.D. Tex. Aug. 10, 2004) (denying motion to stay under 981(g) where "Government fail[ed] to point to any specific discovery request or abuse that has taken place"); *United States v. U.S. Currency in the Amount of $423,059.02,* 12-3054-CV-S-ODS, 2012 WL 1950218, at *2 (W.D. Mo. May 30, 2012) (denying motion to stay and finding "Claimants warrant they will not seek any discovery from the United States in this forfeiture action. This would seem to address the government's concerns."). The Government does not, and cannot, show that responding to Claimants' Rule 12(b)(6) motion is the equivalent of civil discovery, because a Rule 12(b)(6) motion must necessarily accept the factual allegations as true and respond to them on that basis.

In fact, Claimants' Motion to Dismiss seeks dismissal of the FAC, with prejudice, based on the Government's own publicly filed allegations contained therein, and does not rely on any civil discovery. Because "the Government's arguments do nothing more than speculate about how civil discovery will adversely affect its criminal investigation," a stay is improper. *All Funds ($357,311.68)*, 2004 WL 1834589, at *2; *see $3,592.00 U.S. Currency*, 2016 WL 5402703, at *1 ("Importantly, the government's burden is not simply to show that civil discovery *could* adversely affect the criminal case, but to prove that civil discovery *will* adversely affect the criminal case.") (emphasis in original); *see also United States v. Leasehold Interests In 118 Ave. D, Apartment 2A*, 754 F. Supp. 282, 287 (E.D.N.Y. 1990) ("[T]he Government should be required to make some specific showing of potential harm if the requested discovery is disclosed without being compelled to compromise the prosecution of the ongoing related criminal proceeding. Mere conclusory allegations of potential abuse or simply the opportunity by the claimant to improperly exploit civil discovery, however, will not avail on a motion for a stay."). Here, the Government cannot meet its

burden to show that civil discovery *will* adversely impact a criminal investigation because there is no civil discovery that *will* have such an impact.[2]

Nevertheless, the Government argues in the Second Motion to Stay that, because the Claimants have asked the Court to take judicial notice of certain publicly available records from the U.S. Department of State, the Motion to Dismiss therefore somehow seeks "to delve into factual matters at the motion to dismiss stage, the litigation of which threatens to adversely impact the ongoing criminal investigation." ECF No. 201 at 9. The Government is wrong.

The exhibits upon which Claimants rely in their Motion to Dismiss – State Department emails produced pursuant to FOIA requests – are subject to judicial notice. *See Hetherington v. Madden*, 2022 WL 18356994, at *3 (N.D. Fla. Nov. 8, 2022) (court may take judicial notice of documents available publicly on official state websites, especially where there is no dispute as to "the substance or accuracy"); *Awodiuya v. Ross University School of Medecine*, 2019 WL 13244298, at *1 (S.D. Fla. Jan. 8, 2019) (taking judicial notice of documents obtained through a FOIA request). Despite these records' public availability, the Government (incredibly) insinuates in its Reply in Support of its Second Motion to Stay (ECF No. 211) that the State Department FOIA emails cannot be verified and might be inauthentic. *See id.* at 4 n.1 ("the government will urge the Court not to take judicial notice of Claimants' exhibits. Claimants' earlier submissions were unreliable, but at least they purported to come from Ukrainian courts."). In fact, all of Claimants' exhibits are readily accessible on the State Department's own FOIA website. *See* https://foia.state.gov/Search/Search.aspxs

- Exhibit 1 (ECF No. 196-1) is available at:
    - https://foia.state.gov/Search/Results.aspx?searchText=%22C06833620%22&beginDate=&endDate=&publishedBeginDate=&publishedEndDate=&caseNumber=

---

[2] Even if the Government adequately showed that discovery in this matter will adversely affect a related criminal investigation, which it has not, the case should not be stayed if "a well-crafted protective order limiting discovery could 'protect the interest' of the government while preserving the ability of the claimants to pursue the civil case." *United States v. Sum of $70,990,605*, 4 F. Supp. 3d 209, 214 (D.D.C. 2014).

- Exhibit 2 (ECF No. 196-2) is available at:
    - https://foia.state.gov/Search/Results.aspx?searchText=%22C06833617%22&beginDate=&endDate=&publishedBeginDate=&publishedEndDate=&caseNumber=
- Exhibit 3 (ECF No. 196-3) is available at:
    - https://foia.state.gov/Search/Results.aspx?searchText=C06833603&beginDate=&endDate=&publishedBeginDate=&publishedEndDate=&caseNumber=
- Exhibit 4 (ECF No. 196-4) is available at:
    - https://foia.state.gov/Search/Results.aspx?searchText=C06833602&beginDate=&endDate=&publishedBeginDate=&publishedEndDate=&caseNumber=
- Exhibit 5 (ECF No. 196-5) is available at:
    - https://foia.state.gov/Search/Results.aspx?searchText=C06833292&beginDate=&endDate=&publishedBeginDate=&publishedEndDate=&caseNumber=
- Exhibit 6 (ECF No. 196-6) is available at:
    - https://foia.state.gov/Search/Results.aspx?searchText=C06832514&beginDate=&endDate=&publishedBeginDate=&publishedEndDate=&caseNumber=
- Exhibit 7 (ECF No. 196-7) is available at:
    - https://foia.state.gov/Search/Results.aspx?searchText=C06833502&beginDate=&endDate=&publishedBeginDate=&publishedEndDate=&caseNumber=
- Exhibit 8 (ECF No. 196-8) is available at:
    - https://foia.state.gov/Search/Results.aspx?searchText=%22Lutsenko%20and%20Kolomoisky%22&beginDate=&endDate=&publishedBeginDate=&publishedEndDate=&caseNumber=
- Exhibit 9 (ECF No. 196-9) is available at:
    - https://foia.state.gov/Search/Results.aspx?searchText=%22totally%20stinks%22&beginDate=&endDate=&publishedBeginDate=&publishedEndDate=&caseNumber=
- Exhibit 10 (ECF No. 196-10) is available at:

- o   https://foia.state.gov/Search/Results.aspx?searchText=%22demands%20resignation%20of%20PG%20Lutsenko%22&beginDate=&endDate=&publishedBeginDate=&publishedEndDate=&caseNumber=
- <u>Exhibit 11</u> (ECF No. 196-11) is available at:
    - o   https://foia.state.gov/Search/Results.aspx?searchText=%22Danyliuk%20Meeting%20Request%22&beginDate=&endDate=&publishedBeginDate=&publishedEndDate=&caseNumber=

The Government's insinuation that Claimants' exhibits are inauthentic and cannot be verified because the "source" is far from one "whose accuracy cannot reasonably be questioned," ECF No. 211 at 4, is particularly misplaced, and frankly odd, given the source of the exhibits is the Government's own FOIA website.

Contrary to the Government's assertion that Claimants "have gone beyond the pleadings and asked the Court to weigh factual contentions and evidence," ECF No. 201 at 9, judicially noticeable facts fall squarely within the corners of the pleadings and are properly considered on a motion to dismiss. *See American Marine Tech, Inc. v. World Group Yachting, Inc.*, 418 F. Supp. 3d 1075, 1081 (S.D. Fla. 2019) ("A court properly takes judicial notice of relevant public records in deciding a motion to dismiss, and consideration of such documents does not convert a motion to dismiss into one for summary judgment"); *Leroy v. Medtronic, Inc.*, 2015 WL 4600880, at *5 (N.D. Fla. Jul. 29, 2015) (courts in this circuit may take judicial notice of public records "whose accuracy cannot reasonably be questioned" without "transforming a motion to dismiss…into a motion for summary judgment").

Claimants submitted the State Department emails to show that the Government was aware of PrivatBank's nationalization and the alleged crimes committed against PrivatBank that underly the claims in the FAC in 2016 and 2017, which would render the Government's forfeiture action time-barred. The Claimants therefore asked the Court to take judicial notice of those emails produced by the State Department on a publicly available FOIA website. *See* ECF No. 196 at 15-16. The Government is free, in opposing the Motion to Dismiss, to argue that the State Department

documents are not subject to judicial notice (they are), and/or that they do not show on their face that the Government knew or should have known about the alleged offenses upon which its claims are based at the time the documents were created (they do). Neither of those arguments, however, require civil discovery, thus Section 981(g) does not apply and the Government is not entitled to a stay.

Regardless, Claimants' argument concerning the five-year limitations period is only one of numerous reasons the FAC should be dismissed. *See* Motion to Dismiss at 9-20. Even if the Court finds that consideration of that argument – and the State Department documents upon which it relies – would be improper at this stage, the Court should still dismiss the FAC based on the remainder of Claimants' arguments, none of which require consideration of the State Department documents or anything other than the publicly-filed allegations in the Government's own FAC. *See, e.g.,* Motion to Dismiss at 9-14 (FAC should be dismissed pursuant to 18 U.S.C. § 984(b)'s one-year limitations period); 14-15 (FAC should be dismissed pursuant to 18 U.S.C. § 981(d)'s two-year limitations period); 16-19 (FAC should be dismissed for failing to adequately allege substantial connection between in rem defendant and alleged underlying offense). The Government does not argue, because it cannot argue, that responding to these arguments will involve civil discovery, or even require the Court to consider facts outside of the four corners of the FAC. Accordingly, the Government's motion should be denied because the Government has failed to show that (non-existent) civil discovery will adversely impact an ongoing criminal investigation as required under Section 981(g).

For all of the foregoing reasons, the Government's invocation of 18 U.S.C. § 981(g) to suspend all briefing on Claimants' Motion to Dismiss is improper.

2. **The Government Fails to Meet the Requirements for Reconsideration**

As discussed in the procedural background, the District Court denied the Government's previous attempt to stay the case and briefing on the First Motion to Dismiss. *See* ECF No. 46; ECF No. 55 at 2-3; ECF No. 75; ECF No. 77 at 10:17, 16:5-9.  After the District Court's denial, the Government then attempted to renew its motion to stay through an *ore tenus* motion presented

to the District Court on May 25, 2022, and the District Court again declined to stay briefing on the First Motion to Dismiss and referred the Motion to this Court for a ruling. *Compare* ECF No. 134 at 5:16-17 (during a May 25, 2022 Status Conference, Government arguing that "a stay under 981(g) would be appropriate here") *with* ECF No. 132 (May 25, 2022 Order referring Motion to Dismiss to Judge Goodman "for a ruling"). Nevertheless, yet again, the Government attempts to seek a stay under § 981(g).

This latest attempt, although couched in terms of a new motion, is in reality nothing more than a thinly veiled motion for reconsideration of the District Court's previous order denying the First Motion to Stay. Yet the Government entirely fails to satisfy the requisite legal standard for reconsideration. *See United States v. Dean*, No. 20- 11603, 2020 WL 7655426, at *2 (11th Cir. Dec. 23, 2020) ("A party's disagreement with the court's decision, absent a showing of manifest error, is not sufficient to demonstrate entitlement to relief."). The Government may disagree with the Court's prior denial of a stay, but "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *N.A.S. v. MORADA-Haute Furniture Boutique*, LLC, 1:20-CV-24676, 2022 WL 17583629, at *1 (S.D. Fla. July 26, 2022) (Gayles, J.) (quoting *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Engineers*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995)). And yet, that is precisely what the Government is doing.

In its Second Motion to Stay, the Government complains that its First Motion to Stay was "previously denied . . . without explanation" or "without written explanation following a hearing." ECF No. 201 at 2, 4. Indeed, the Government points out that the "first motion to dismiss highlighted" the necessity of staying this case "in order to avoid adverse effects on the ongoing criminal investigation." *Id.* at 2. In other words, the Government contends that the First Motion to Stay was wrongly decided because the briefing on the First Motion to Dismiss should have been stayed and the District Court, to the Government's dismay, issued its decision "without explanation." In sum, the Government seeks reconsideration without bothering to try to satisfy the

legal requirements for reconsideration because those legal requirements cannot be met. The Government's thinly disguised attempt at reconsideration is meritless and improper.

The District Court's denial of the Government's serial stay requests was correct at the time and remains correct now. The Government's desire to avoid scrutiny of the flawed claims in the FAC is no reason to reconsider the District Court's previous rulings.

Indeed, given the extensive litigation of the First Motion to Dismiss, it defies credulity for the Government to argue that the instant Motion to Dismiss somehow poses any new and distinct dangers to its criminal investigation (which argument is irrelevant in any event as Section 981(g) does not provide for a stay absent civil discovery). The First Motion to Dismiss was extensively briefed and argued, and this Court recommended dismissal in the 84-page R&R, which was affirmed and adopted in its entirety. The Government cannot explain how responding to the legal arguments raised in the instant Motion to Dismiss requires civil discovery or would otherwise require disclosure of facts that would adversely impact an ongoing criminal investigation – especially given that the parties and the Court have already been down this road. In short, the Government fails to meet its burden for reconsideration of the District Court's decisions.

## CONCLUSION

For the foregoing reasons, Claimants respectfully request that the Court deny the Motion to Suspend Deadlines Surrounding Claimants' Motion to Dismiss (ECF No. 202) and set a briefing schedule on Claimants' Motion to Dismiss.

Respectfully submitted,

*/s/ Robert T. Dunlap*
Velvel (Devin) Freedman
Robert T. Dunlap (FL Bar No. 119509)
Colleen Smeryage
Friedman Normand Friedland, LLP
1 SE 3rd Avenue, Suite 1250
Miami, FL 33131
Tel: (786) 924-2900
vel@fnf.law
rdunlap@fnf.law
csmeryage@fnf.law

Howard M. Srebnick (FL Bar No. 919063)
Zaharah Markoe (FL Bar No. 504734)
Black Srebnick
201 South Biscayne Blvd., Suite 1300
Miami, FL 33131
Tel: (305) 371-6421
Hsrebnick@royblack.com
Zmarkoe@royblack.com

Marc E. Kasowitz
Mark P. Ressler
Joshua N. Paul
*Pro Hac Vice Anticipated*
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Mkasowitz@kasowitz.com
MRressler@kasowitz.com
Jpaul@kasowitz.com

*Attorneys for Claimants*