**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:20-CV-23278-GAYLES/GOODMAN**

UNITED STATES OF AMERICA,

                Plaintiff,

v.

APPROXIMATELY $9,105,221.62 IN FUNDS (PLUS
INTEREST) CURRENTLY HELD BY THE UNITED STATES
MARSHALS SERVICE REPRESENTING 95%
OF THE NET PROCEEDS FROM THE SALE OF THE REAL
PROPERTY LOCATED AT 500 WEST JEFFERSON STREET,
LOUISVILLE, KY 40202 KNOWN AS PNC PLAZA,

                Defendant.

_____

**ANSWER AND AFFIRMATIVE DEFENSES OF URIEL LABER TO FIRST**
**AMENDED VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Claimant Uriel Laber ("Claimant"), by and through undersigned counsel, responds to the Plaintiff's First Amended Verified Complaint (ECF No. 187) for Forfeiture In Rem. Any allegation not expressly admitted is denied, including any allegation for which Claimant lacks knowledge or information sufficient to form a belief as to the truth of that allegation.

## NATURE OF THE ACTION[1]

1.     Claimant admits that the First Amended Complaint purports to seek the forfeiture of assets. Claimant otherwise denies the allegations of paragraph 1, including any allegation that the assets at issue facilitated, were involved in, and are traceable to an international conspiracy to launder money embezzled and fraudulently obtained from PrivatBank.

2.     Claimant denies the allegations in paragraph 2.

3.     Claimant admits the allegations in paragraph 3.

4.     The First Complaint speaks for itself, and to the extent the First Amended Complaint misquotes, selectively quotes, misstates, mischaracterizes, provides a legal interpretation, or takes out of context the First Complaint, Claimant denies paragraph 4.

5.      Claimant denies the first sentence of paragraph 5, including any attempt to equate *in personam* rights and interests with the current monetary *res*. Claimant admits the second sentence of paragraph 5.

---

[1] The headings used in this document replicate those of the First Amended Complaint and are included solely for convenience and ease of reference. Their inclusion should not be construed as an admission or adoption of the factual assertions contained within them. To the extent that any headings assert or imply factual allegations, such allegations are expressly denied.

6.      Claimant admits that the Government seeks to forfeit the Defendant Asset but denies that forfeiture is appropriate pursuant to 18 U.S.C. § 981(a)(1)(C) and denies that the Defendant Asset is traceable to violations of U.S. law and specified unlawful activity, including violations of 18 U.S.C. §§ 1956, 1957, 2314, and 2315.

7.      Claimant admits that the Government seeks to forfeit the Defendant Asset but denies that the Defendant Asset is forfeitable pursuant to 18 U.S.C. § 981(a)(1)(A) and denies that the Defendant Asset was involved in or facilitated one or more money laundering offenses in violation of 18 U.S.C. §§ 1956 and 1957.

8.      Claimant admits that the Government has asserted various specified unlawful activities as grounds for forfeiture, but Claimant denies those assertions.

## JURISDICTION AND VENUE

9.      Claimant denies the allegations in paragraph 9, including because civil forfeiture jurisdiction under 28 U.S.C. § 1355 requires that the forfeiture be incurred under an Act of Congress. Since the *in personam res* in the First Complaint was not authorized for in rem forfeiture under 18 U.S.C. § 981, the court lacked jurisdiction at the outset. Paragraph 9's reliance on 28 U.S.C. § 1345 is flawed because § 1355, the specific statute governing civil forfeiture jurisdiction, takes precedence and limits jurisdiction to cases authorized by Congress.

10.      Claimant admits that venue is proper but denies that any acts, omissions, or criminal activity giving rise to the forfeiture took place in the Southern District of Florida, that any entities with a principal place of business in Miami are involved in any criminal activity, and that any important documents related criminal activity were executed and notarized in Miami.

## PEOPLE AND ENTITIES

11.     Claimant admits the allegations in Paragraph 11.

12.     Claimant admits the allegations in Paragraph 12.

13.     Claimant admits the allegation in Paragraph 13 that PrivatBank is a Ukrainian financial institution located in Ukraine, with a branch in Cyprus and an affiliated entity in Latvia, among other places. Claimant admits the allegation in Paragraph 13 that PrivatBank is one of the largest banks in Ukraine. Claimant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 13, and therefore denies these allegations.

14.      Claimant admits that Ihor Kolomoisky is a Ukrainian billionaire who controls businesses in many sectors of the Ukrainian economy, including metals, energy, and media.[2] Claimant further admits that Kolomoisky was the governor of Dnipropetrovsk province in Ukraine from 2014 to 2015. Claimant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 14, and therefore denies these allegations.

15.     Claimant admits that Gennadiy Boholiubov is another Ukrainian businessman who shares in the ownership of many business entities with Kolomoisky.[3] Claimant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 15, and therefore denies these allegations.

16.     Claimant admits the allegations in paragraph 16.

---

[2] Claimant objects to the Government's use of the derogatory pejorative "oligarch" and denies the portion of the allegation that labels Mr. Kolomoisky an "oligarch."

[3] Claimant objects to the Government's use of the derogatory pejorative "oligarch" and denies the portion of the allegation that labels Mr. Boholiubov an "oligarch."

17.     Claimant admits the allegations in paragraph 17.

18.     Paragraph 18 contains a legal conclusion for which no response is required. To the extent a response is required, Claimant admits that the Government seeks to adversely affect the interests of Korf and Laber in these proceedings but otherwise denies Paragraph 18.

## FACTUAL ALLEGATIONS

19.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies these allegations.

20.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore denies these allegations.

21.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies these allegations.

22.     Claimant admits that he previously ran businesses in Ukraine and the United States. Claimant admits that he established a network of companies, generally under some variation of the name "Optima," to acquire businesses and real estate in the United States. Claimant denies that he was "enlisted" for the purpose of laundering money in the United States. Claimant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 22, and therefore denies these allegations.

23.     Claimant admits the allegations in paragraph 23.

24.     Claimant admits that, in 2011, he participated in the purchase of the building known as PNC Plaza at 500 West Jefferson Street in Louisville, Kentucky. Claimant

otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 24, and therefore denies these allegations.

25.     Claimant admits that certain investments were not profitable, and that PNC Plaza faced a foreclosure action in 2018. Claimant also admits that several of the investments "went into bankruptcy, were foreclosed on, or otherwise failed." Claimant denies the remaining allegations of paragraph 25.

26.     Claimant denies the allegations in the first sentence of paragraph 26. Claimant admits the allegations in the second sentence of paragraph 26.

27.     Claimant admits the allegations in paragraph 27.

I.      **Kolomoisky and Boholiubov Stole Billions from PrivatBank[4]**

        A.   **Kolomoisky and Boholiubov Controlled PrivatBank**

28.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore denies these allegations.

29.      Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore denies these allegations.

30.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore denies these allegations.

31.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, and therefore denies these allegations.

---

[4] As noted in footnote 1, *supra*, the headings used in this document are included solely for convenience and ease of reference. Their inclusion should not be construed as an admission or adoption of the factual assertions contained within them. To the extent that any headings assert or imply factual allegations, such allegations are expressly denied.

32.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore denies these allegations.

33.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore denies these allegations.

34.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore denies these allegations.

35.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and therefore denies these allegations.

36.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore denies these allegations.

37.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and therefore denies these allegations.

38.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and therefore denies these allegations.

**B. Kolomoisky and Boholiubov Embezzled Money and Defrauded the Bank[5]**

39.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and therefore denies these allegations.

40.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and therefore denies these allegations.

41.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and therefore denies these allegations.

---

[5] See footnote 1, *supra.*

42.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and therefore denies these allegations.

43.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and therefore denies these allegations.

44.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, and therefore denies these allegations.

45.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, and therefore denies these allegations.

46.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and therefore denies these allegations.

47.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, and therefore denies these allegations.

48.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and therefore denies these allegations.

49.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, and therefore denies these allegations.

50.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and therefore denies these allegations.

51.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, and therefore denies these allegations.

52.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, and therefore denies these allegations.

53.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, and therefore denies these allegations.

54.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54, and therefore denies these allegations.

55.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, and therefore denies these allegations.

56.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56, and therefore denies these allegations.

57.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57, and therefore denies these allegations.

58.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58, and therefore denies these allegations.

59.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, and therefore denies these allegations.

60.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and therefore denies these allegations.

61.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and therefore denies these allegations.

62.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, and therefore denies these allegations.

63.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63, and therefore denies these allegations.

64.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, and therefore denies these allegations.

65.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, and therefore denies these allegations.

66.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66, and therefore denies these allegations.

67.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67, and therefore denies these allegations.

68.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, and therefore denies these allegations.

69.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69, and therefore denies these allegations.

**C. Kolomoisky and Boholiubov's Actions Violated Ukrainian Law.[6]**

70.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70, and therefore denies these allegations.

71.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71, and therefore denies these allegations.

72.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72, and therefore denies these allegations.

73.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73, and therefore denies these allegations.

---

[6] *See* note 1, *supra*.

74.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74, and therefore denies these allegations.

75.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75, and therefore denies these allegations.

76.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76, and therefore denies these allegations.

77.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77, and therefore denies these allegations.

78.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, and therefore denies these allegations.

79.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79, and therefore denies these allegations.

**D. Kolomoisky and Boholiubov Laundered the Loan Proceeds.[7]**

80.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80, and therefore denies these allegations.

81.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81, and therefore denies these allegations.

82.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82, and therefore denies these allegations.

83.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83, and therefore denies these allegations.

---

[7] *See* note 1, *supra*.

84.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84, and therefore denies these allegations.

85.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85, and therefore denies these allegations.

86.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86, and therefore denies these allegations.

87.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87, and therefore denies these allegations.

88.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88, and therefore denies these allegations.

89.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89, and therefore denies these allegations.

## II. Korf And Laber Created A Vast Network Of Companies To Launder The Stolen Money And Invest It In The United States[8]

90.     Claimant denies the allegations in paragraph 90.

91.     Claimant denies the allegations in paragraph 91, except admits that several companies used a variation of the name "Optima".

92.     Claimant denies the allegations in paragraph 92, and its subparts, including its reference to and characterization of an alleged "Optima Family" of companies as defined in the prior paragraph.

93.     Claimant denies the allegations in paragraph 93.

---

[8] *See* Note 1, *supra*.

94.    Claimant denies the allegations in paragraph 94.

95.    Claimant lacks knowledge or information sufficient to form a belief as to the truth of these allegations regarding this "example" in paragraph 95, and therefore denies these allegations.

96.    Claimant denies the allegations in paragraph 96.

97.    Claimant denies the allegations in paragraph 97.

98.    Claimant admits the allegations in paragraph 98 but denies the characterization of an alleged "Optima Family" of companies as defined in paragraph 91.

99.    Claimant denies the allegations in paragraph 99.

100.   Claimant denies the allegations in paragraph 100.

101.   Claimant denies the allegations in paragraph 101.

102.   Claimant admits that Korf and Laber had professional relationships with some individuals involved in PrivatBank's management and Laber may have acted as reference for a visa for a Ukrainian citizen, but Claimant does not know who "Manager 1" or "Manager 3" is and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102, and therefore denies these allegations.

**III. Optima Purchased PNC Plaza In 2011 With Funds Misappropriated from PrivatBank.[9]**

103.   Claimant admits the allegations in paragraph 103.

104.   Claimant admits the allegations in paragraph 104.

105.   Claimant admits the allegations in paragraph 105.

106.   Claimant admits the allegations in paragraph 106.

---

[9] *See* Note 1, *supra*.

107.    Claimant admits the allegations in paragraph 107 except denies the final two sentences and denies that the use of the "Optima Family" characterization is appropriate as as defined in paragraph 91.

108.    Claimant admits the allegations in paragraph 108.

109.    Claimant admits the allegations in paragraph 109.

110.    Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110, and therefore denies these allegations.

**A.  Fraudulent Loan No. 4Z10330D.[10]**

111.    Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111, and therefore denies these allegations.

112.    Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112, and therefore denies these allegations.

113.    Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113, and therefore denies these allegations.

114.    Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114, and therefore denies these allegations.

115.    Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115, and therefore denies these allegations.

116.    Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116, and therefore denies these allegations.

117.    Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117, and therefore denies these allegations.

---

[10] *See* Note 1, *supra*.

118.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118, and therefore denies these allegations.

**B.  Fraudulent Loan No. 4N11415D.**[11]

119.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119, and therefore denies these allegations.

120.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120, and therefore denies these allegations.

121.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121, and therefore denies these allegations.

122.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122, and therefore denies these allegations.

123.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123, and therefore denies these allegations.

124.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124, and therefore denies these allegations.

125.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125, and therefore denies these allegations.

126.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126, and therefore denies these allegations.

127.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127, and therefore denies these allegations.

---

[11] See Note 1, *supra.*

**C. Laundering the Proceeds of Fraudulent Loan Nos. 4Z10330D and 4N11415D.**[12]

128.    Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128, and therefore denies these allegations.

129.    Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129, and therefore denies these allegations.

130.    Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130, and therefore denies these allegations.

131.    Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131, and therefore denies these allegations.

132.    Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 including all subparts, and therefore denies these allegations.

133.    Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 including all subparts, and therefore denies these allegations.

134.    Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134, and therefore denies these allegations including those of footnote 8, except admits that Optima Ventures sent approximately $13,151,167 to Progressive Closing & Escrow.

135.    Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135, and therefore denies these allegations.

---

[12] *See* Note 1, *supra*.

136.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136, and therefore denies these allegations.

137.     Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137, and therefore denies these allegations.

## IV. Optima Restructured The Ownership Of PNC Plaza In 2018 To Further Launder The Misappropriated Funds[13]

138.     Claimant admits the allegations in paragraph 138.

139.     Claimant admits the allegations in paragraph 139.

140.     Claimant admits the allegations in paragraph 140.

141.     Claimant admits the allegations in paragraph 141.

142.     Claimant admits the allegations in paragraph 142, but denies the characterization of an alleged "Optima Family" of companies as defined in paragraph 91 and referenced in footnote 10 to this paragraph.

143.     Claimant admits the allegations in paragraph 143.

144.     Claimant admits the allegations in paragraph 144.

145.     Claimant denies the allegations in paragraph 145, but admits that business records for Optima CBD were held at 200 South Biscayne Boulevard, Suite 5500 in Miami.

146.     Claimant admits the allegations in paragraph 146.

147.     Claimant admits the allegations in paragraph 147.

148.     Claimant admits the allegations in paragraph 148.

149.     Claimant admits the allegations in paragraph 149.

150.     Claimant admits the allegations in paragraph 150.

---

[13] *See* Note 1, *supra*.

151.   Claimant denies the allegations in paragraph 151 insofar as it misstates, mischaracterizes, provides a legal interpretation, or takes out of context financial transactions and personalizes them to solely Korf and Laber individually.

152.   Claimant admits that Optima 500 transferred ownership of PNC Plaza to 500 West Jefferson LLC by transfer of a Deed in Lieu of Foreclosure, which extinguished the original promissory note. Claimant admits that the receivership was terminated on January 9, 2019, and that the parties agreed to have the Receiver continue management through February 2019. Claimant denies the remainder of the allegations in paragraph 152.

153.   Claimant admits the allegations in paragraph 153.

154.   Claimant admits the allegations in paragraph 154.

155.   Claimant admits the allegations in paragraph 155.

156.   Claimant denies the allegations in paragraph 156 but admits the fifth and sixth sentences' allegations regarding office collocation, admits that there was some common management (but denies that "their management was the same"), and admits the sharing of a registered agent.

157.   Claimant admits that Optima 1375 II LLC invested additional money and that Korf and Laber also received distributions of approximately $2.4 million from Optima 1375 II via Optima CBD Investments' bank account but otherwise denies the allegations in paragraph 157.

158.   Claimant denies the allegations in paragraph 158.

159.   Claimant denies that he "effectively hid the role of the Ukrainian oligarchs, whose fraudulent activities with PrivatBank had been made public." Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding some

unspecified "part of due diligence" at which Firm A allegedly "asked for information about the ownership structure of Felman Trading Inc. and Optima 1375" and was "only provided the ownership structure of Felman Trading Americas Inc. and Optima 1375 II," and therefore denies these allegations; however, Firm A was fully aware of the structure of the entities involved in the joint venture. Claimant admits that Felman Trading Inc. received and transferred various amounts of money over the years because of, among other things, purchase and sale agreements for materials but Claimant lacks knowledge or information sufficient to form a belief as to the truth of footnote 12, which purports to summarize net financial transfers for Felman Trading Inc. from 2008 to 2014 – a period of six years, transpiring more than a decade ago. To the extent not expressly admitted, Claimant denies the allegations in paragraph 159.

160.    Claimant denies the allegations in paragraph 160.

**V. Korf And Laber Sell PNC Plaza**

161.    Claimant denies the allegations in paragraph 161.

162.    Claimant admits the allegations in paragraph 162.

163.    Claimant admits the allegations in paragraph 163.

164.    Claimant admits the allegations in paragraph 164 but denies that the Government's motivation or the result obtained was to "protect the value of that *res*."

165.    Claimant admits the allegations in paragraph 165.

166.    Claimant admits the allegations in paragraph 166.

167.    Claimant denies the allegations in paragraph 167.

## FIRST CLAIM FOR RELIEF

168.    Claimant incorporates his responses to Paragraphs 1 through 167 as if fully set forth herein.

169.    Claimant denies the allegations in paragraph 169.

170.    Claimant denies the allegations in paragraph 170.

## SECOND CLAIM FOR RELIEF

171.    Claimant incorporates his responses to Paragraphs 1 through 167 as if fully set forth herein.

172.    Claimant denies the allegations in paragraph 172.

173.    Claimant denies the allegations in paragraph 173.

## THIRD CLAIM FOR RELIEF

174.    Claimant incorporates his responses to Paragraphs 1 through 167 as if fully set forth herein.

175.    Claimant denies the allegations in paragraph 175.

176.    Claimant denies the allegations in paragraph 176.

## FOURTH CLAIM FOR RELIEF

177.    Claimant incorporates his responses to Paragraphs 1 through 167 as if fully set forth herein.

178.    Claimant denies the allegations in paragraph 178.

179.    Claimant denies the allegations in paragraph 179.

## FIFTH CLAIM FOR RELIEF

180.    Claimant incorporates his responses to Paragraphs 1 through 167 as if fully set forth herein.

181.    Claimant denies the allegations in paragraph 181.

182.    Claimant denies the allegations in paragraph 182.

## SIXTH CLAIM FOR RELIEF

183.    Claimant incorporates his responses to Paragraphs 1 through 167 as if fully set forth herein.

184.    Claimant denies the allegations in paragraph 184.

185.    Claimant denies the allegations in paragraph 185.

## SEVENTH CLAIM FOR RELIEF

186.    Claimant incorporates his responses to Paragraphs 1 through 167 as if fully set forth herein.

187.    Claimant denies the allegations in paragraph 187.

188.    Claimant denies the allegations in paragraph 188, including all subparts.

189.    Claimant denies the allegations in paragraph 189.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

190.    The Claimant is an innocent owner and bona fide owner of the Defendant Asset in which he has an interest, including within the meaning of 18 U.S.C. § 983(d).

### Second Affirmative Defense

191.    The seizure and forfeiture are barred by the Statute of Limitations, including 19 U.S.C. § 1621.

## Third Affirmative Defense

192.    The Claimant has a superior right, title, and interest in the Defendant Properties as compared to the United States.

## Fourth Affirmative Defense

193.    The Government's claims are barred, in whole or in part,  because the requested forfeiture would violate the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution.

## Fifth AFFIRMATIVE DEFENSE

194.    The Government's claims are barred, in whole or in part,  because forfeiture of the property based upon Claimant's lawful conduct violates the Due Process Clause of the Fifth Amendment of the United States Constitution.

## Sixth Affirmative Defense

195.    The Defendant Asset does not constitute proceeds of a crime and is not traceable to proceeds of a crime.

## Seventh Affirmative Defense

196.    The Defendant Asset was not involved in a money laundering offense.

## Eighth Affirmative Defense

197.    The Defendant Asset lacks a substantial connection to any alleged offense.

**Ninth Affirmative Defense**

198.    The Court lacks subject matter jurisdiction over this matter.

**Tenth Affirmative Defense**

199.    The Government's claims are barred, in whole or in part, by the principles of international comity and the decisions of the Ukrainian courts with respect to the Ukrainian loans at issue preclude the Government's claims

**Eleventh Affirmative Defense**

200.    The Court lacks in rem jurisdiction over the *res*.

**Twelfth Affirmative Defense**

201.     The delay between the seizure of the subject property and the trial of the plaintiff's forfeiture claim, and the resulting prejudice to the Claimants, has violated Claimant's rights under the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

**Thirteenth Affirmative Defense**

202.    If the seizure and/or proposed forfeiture are based on evidence obtained in violation of Claimant's Fourth Amendment or Sixth Amendment rights, then the Government's case should be dismissed.

**Fourteenth Affirmative Defense**

203.    The Government's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and spoliation of evidence.

WHEREFORE, Claimant respectfully requests that the Court dismiss the First Amended Complaint in its entirety and that the Court order such other and further relief as it deems just and proper. Claimant further requests that the Court award him reasonable attorney's fees and costs pursuant to applicable law, including 28 U.S.C. § 2412(d)(4) and 28 U.S.C. § 2465(b).

Date: January 24, 2025

Respectfully submitted,

BY: */s/ Robert T. Dunlap*
Velvel (Devin) Freedman
FL Bar 99762
Robert T. Dunlap
FL Bar No. 119509
Colleen Smeryage
Friedman Normand Friedland LLP
1 SE 3rd Avenue, Suite 1250
Miami, FL 33131
Tel: (786) 924-2900
vel@fnf.law
rdunlap@fnf.law
csmeryage@fnf.law

Howard M. Srebnick
FL Bar No. 919063
Zaharah Markoe
FL Bar No. 504734
Black Srebnick
201 South Biscayne Blvd., Suite 1300
Miami, FL 33131
Tel: (305) 371-6421
Hsrebnick@royblack.com
Zmarkoe@royblack.com

Marc E. Kasowitz
Mark P. Ressler
Joshua N. Paul
Pro Hac Vice Anticipated
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Mkasowitz@kasowitz.com

MRressler@kasowitz.com
Jpaul@kasowitz.com

*Attorneys for Claimant*